# CARROLL,

## JULY TERM, A. D. 1849.

### STEVENSON *v.* COFFERIN.

By the Rev. Stat., ch. 129, sec. 3, joint heirs are made tenants in common. This statute embraces estates existing at the time of its passage, as well as those acquired by descents afterwards cast, and is not of the nature of a retrospective law, within the meaning of the 23d article of the Bill of Rights.

Tenants in common cannot join in a real action.

If a misjoinder of plaintiffs appear upon the record, the defendant may take advantage of it upon demurrer.

WRIT OF ENTRY. In the amended count the defendant is summoned to answer to John M. Stevenson, of, &c., James Norris, of, &c., and Lucinda Norris, wife of the said James Norris, in right of the said Lucinda, in a plea of land, wherein they demand, against the said Francis Cofferin, one undivided half of forty acres of land, situate, &c., bounded, &c., which they claim to be their right and inheritance, and whereof the said Cofferin unjustly, and without judgment, disseized one James Stevenson, father of the said John M. Stevenson and Lucinda Norris, whose heirs they are, within twenty years now last past. Whereupon they say, that the said James Stevenson, father of him, the said John M. Stevenson, and of her, the said Lucinda Norris, whose heirs they are, was seized of the messuage aforesaid, with the appurtenances, in his demesne as of fee and in right, within twenty years now last past, by taking the profits thereof, to the value of ten dollars, by the year; and the said Francis Cofferin thereof dis-

seized him, and from the said James Stevenson the right descended to the said John M. Stevenson and James Norris and Lucinda Norris, in right of the said Lucinda, who now demand the same; the said John as son and heir, and the said Lucinda as daughter and heir, of the said James Stevenson, and the said Francis Cofferin still unjustly withholds the same.

To this count the defendant demurs generally, and the demandant joins in demurrer.

*Hall,* for the plaintiffs.

*Hobbs,* for the defendant.

GILCHRIST, C. J.   By the common law there were certain serious embarrassments which would have attended the joinder of tenants in common in real actions.   Although their possession was joint, their estates and titles might have been wholly different; and as these were in many cases required to be stated, and might have been traversed or avoided by plea, it is easy to perceive that numerous issues might have been joined in a single action, to some of which some of the parties to the suit might have been strangers, and yet bound to maintain them under pain of failing in the action.   This afforded sufficient ground for the rule which not only permitted but required tenants in common to sever in such actions.

This rule still prevails in this State, although, by reason of material changes which have supervened upon the system of real actions, which we have derived from the ancient common law, the necessity of it is less cogent; and, as was suggested in *Campbell* v. *Wallace,* 12 N. H. 370, in many cases does not exist at all.   *Rand* v. *Dodge,* 12 N. H. 68.

With respect to coparceners, the case was otherwise. The manner in which such estates originated, which was

always by descent, rendered it practically more convenient for them to join, and their estate being the same, one issue only, of course, could be made. These, therefore, the common law rigidly required to join in real actions for the recovery of their estate. But because it sometimes became impracticable, either from the refusal of some of the parties, or from other causes, for all to prosecute a joint action, provision was made by summons and severance for such as chose to prosecute, by which they were enabled to proceed without the defaulted parcener. Arch. Plead. 59.

To avoid this necessity, perhaps, and other incidents of estates in coparcenary, displayed in what Lord *Coke* denotes the "cunning learning" of the old books, the estates themselves have been abolished by our Revised Statutes, ch. 129, sec. 3, and their elements brought by more intelligible affinities under the head of tenancies in common.

But although some theoretical distinctions have been annulled by the statute referred to, it would be difficult to name a change, of any practical consequence whatever, that has been effected in the law of this State, except in the mere matter of requiring the parties to sever, in real actions, who, before the statute, would have been required to join, and might have been driven to their writ of summons and severance upon the contingencies which have been named.

The statutes of some States have made provision for such cases, by allowing joint heirs to join or sever, at their election. Jackson on Real Actions 33. But a different course was pursued here, by which parties standing like the plaintiffs in this suit have simply been declared to be tenants in common. The rights and disabilities incident to that estate attach to them of course together.

The statute thus changing the nature and incidents of the estates of joint heirs, embraces, in its terms, all existing as well as future estates; and a question has been made whether interests so vested, as was the interest of the

Stevenson *v.* Cofferin.

plaintiffs in this suit, would have been so changed without their consent. But we think, upon the authority of *Miller* v. *Dennett,* 6 N. H. 109, and for the reasons there assigned, that there is no room for such a question. The parties here are in by descent, which exempts this from objections urged in that case, which was a joint tenancy, created of course by a contract.

The facts upon which the questions discussed here have arisen, all appear in the declaration. John M. Stevenson and Lucinda Norris are the joint heirs of James Stevenson, and James Norris is the husband of Lucinda, and claims in her right. The general demurrer is therefore a proper and sufficient form in which to raise the objection, and must prevail. Arch. Civ. Pl. 61.

*Judgment for the defendant on demurrer.*