Shirley v. Healds.

SHIRLEY, Appellant, *v.* HEALDS, Appellees.

Upon the death of a testator, and before probate of the will, the legal title to all the personal estate of the deceased becomes vested in the person named as executor, as trustee for the legatees, creditors and others, under the will, and he is the only legal representative of the estate disposed of by the will.

The person named as executor has sufficient interest in the estate of a testator to give him a right, under the statute, to claim and prosecute an appeal from a decree of the judge of probate, refusing to admit the will to probate.

His interest is sufficiently set forth by an allegation that he is named as executor of the will, and interested therein.

PROBATE APPEAL. At a court of probate for Hillsborough county, holden on the second day of October, 1855, an instrument, purporting to be the last will and testament of Daniel M. Shirley, late of Goffstown, in said county, deceased, was presented for probate by Robert M. Shirley, the executor therein named, and the present appellant, and was duly allowed and proved in common form by the testimony of one of the subscribing witnesses. Subsequently, on petition of the appellees, Mary J. Heald and Ephraim Heald, who were interested in said will, the probate thereof was reëxamined, and upon an attempt to prove the same in solemn form, at a probate court holden on the seventh day of October, 1856, said will was disallowed, and decreed to be void and of no effect, as not having been executed in the presence and attested and subscribed by three credible witnesses, as required by law.

On the fourth day of November, 1856, the appellant, Robert M. Shirley, named as executor in said will, claimed an appeal from the decree rejecting and disallowing said will, and filed in the probate office his petition for that purpose, therein setting forth his reasons of appeal and his interest under the will.

The only statement of the appellants' interest is in these words : " That he is named executor to the last will and testament of Daniel M. Shirley, late of Goffstown, in said county, deceased, and interested therein." He further alleges that he feels himself aggrieved by the decree disallowing and rejecting said instrument as the last will and testament of said deceased, and therefore claims an appeal therefrom.

The appeal was taken in due form, and entered at the present term of the Supreme Judicial Court, where the appellees appeared by their counsel, and moved that the appeal be dismissed, for two reasons assigned, as follows :

" 1. Because the petition to the judge of probate, claiming the appeal, does not set forth or show that the appellant is possessed of any interest which may be concluded by the decree appealed from, nor any way in which he is aggrieved by said decree.

. 2. Because the appellant is possessed of no interest or right which can be concluded, or in any way affected by the decree, from which he claimed an appeal.

*Wm. C. & S. G. Clarke,* with whom was *S. N. Bell,* for the appellees.

The office of executor being a private one of trust named by the testator, and not the law, he may refuse the office. Bac. Abr., Ex. and Ad., E, 9.

The appeal sets forth that he is " named as executor," and is defective in this ; it appearing that the will was proved in common form, that it does not set forth either that the appellant had accepted the trust and given bonds, or had petitioned the court that administration be granted him. It does not appear but that he has renounced the trust. Simply being named as executor

can give him no interest whatever. So, then, even if accepting the trust, or expressing his willingness to accept it, could give him any interest, the appeal shows no such interest, and shows no ground for the jurisdiction of this court and should be dismissed.

But we contend, that if he accepted the trust and was duly appointed executor, when the will was proved in common form, or if he has shown his willingness to accept the trust, that gives him no such interest as is required by the statute to entitle him to appeal.

In *Bryant* v. *Allen*, 6 N. H. 116, the court interpreted a statute similar to the present and held, " That any person whose rights may be affected and concluded by the decree of a judge of probate without an appeal, is entitled to take an appeal from the decree." The converse of this is also true, and he, who has no right or claim which may be concluded, in whole or in part, by the decree of the probate court, can not appeal.

In case of a decree affirming or denying the validity of a will, it seems to us clear that no one but an heir at law of the deceased, or one named in the will as devisee or legatee, or their representatives, has such an interest, or is possessed of such a right as can be affected or concluded by the decree, and thus entitle him to claim an appeal. The appellant in this case is not included in any of these classes. His only interest, at the most, is that of a mere executor, (and it does not appear from the appeal that he has that.) But the interest of a mere executor can not be concluded by the decree appealed from, for he has none. An executor stands in the place of the deceased, simply to carry out and put in execution the intentions of the deceased, relative to his property. As Coke says, (9 Co. 88, B,) An executor hath the goods in the right of another, as to pay debts, &c., and to distribute the residue of the deceased's property in accordance with his desires. He can appropriate none of the property of the deceased to his own use. He has no property in his office of executor, nor will he be liable to loss, if deprived of it. All that he receives from the estate is in compensation for services,

and is contingent upon the rendering of those services. This is not a right until the services have been performed; and for services actually performed in good faith, he is entitled to compensation from the estate, whether the will stands or not.

No right or interest that he has is concluded by the decree. This court has no jurisdiction of probate matters, except on an appeal from the probate court by one entitled to claim. The appellant here is not entitled, and the appeal should be dismissed.

*David Steele*, of Goffstown, for the appellant.

FOWLER, J. By the provisions of the statute of this State, any person aggrieved by any decree, order, appointment, grant or denial of any judge of probate, which may conclude his interest, and which is not strictly interlocutory, may appeal therefrom to the Superior Court of Judicature next to be holden in the county. Such appeal must be claimed within sixty days from the time of making such decision, and not after, in writing signed by the party appealing, or his attorney, setting forth his interest therein, and the reasons of his appeal. Revised Statutes, chap. 170, secs. 1, 2.

It is apparent, from the language of this enactment, that in order to entitle any person to prosecute an appeal from the decree of a judge of probate, he must not only have an interest in the subject matter of the decree, which is concluded thereby, if the same be unreversed; but in the petition claiming the appeal, the nature and extent of that interest must be so clearly and distinctly set forth as to be readily seen and understood.

It is objected in the present case, that the appellant neither has any such interest as entitles him to prosecute the appeal before us, nor has set forth any such interest in his petition. If sustained, either objection must be fatal to this proceeding, for, under the requirements of the statute, it is wholly immaterial in the effect upon the appeal, whether the appellant has sufficient interest or not, if none be set forth.

The only interest claimed or specified in the petition consists

in the fact that the appellant was named as executor in the instrument purporting to be the last will and testament of Daniel M. Shirley, the probate of which was denied by the decree appealed from, and the simple question is, whether that fact gave the appellant such an interest in the will or property of the deceased under it — such an interest in the subject matter of the decree appealed from — as entitled him to claim and prosecute this appeal.

Every person whose rights are involved or in any way affected injuriously by the decree of a judge of probate, may be considered as so aggrieved thereby as to entitle him to appeal therefrom. *Bryant* v. *Allen*, 6 N. H. 116.

The personal estate of a testator, and all contingent as well as absolute interests therein, upon his decease, vest in his executor, including his bonds, contracts and choses in action, as well as his goods and chattels, and are holden by him as trustee for the creditors, legatees, and whoever else is interested in the estate under the will. *Dawes* v. *Boylston*, 9 Mass. 337 ; *Clapp* v. *Stoughton*, 10 Pick. 463.

At the instant of the testator's death the legal interest in all the personal property vests in the executor, and it can be divested only by operation of law, or some act of his own. *Johns* v. *Johns*, 1 M'Cord 132 ; *Seabrook* v. *Williams*, 3 M'Cord 371.

The property in the goods is vested in the executor before probate. Comyn's Dig., Executor, B, 9 ; *Bacon's Abr.*, Ex'rs, E, 14 ; Toller's Ex'rs 46 ; Lofft 81. He derives his title to the personal estate, not from the probate but from the will. *Webster & al.* v. *Spencer*, 3 Barn. & Ald. 363.

The probate of the will doth not give executors any interest or title, either to the things in action or possession, for they have their whole title and interest by the will, and not by the probate. *Hensloe's Case*, 9 Coke 38, a, and authorities.

An executor, before probate of the will, may release a debt due to the deceased, because he has the absolute interest of the debt in him, although he cannot have an action to recover it before probate. *Hensloe's Case*, 9 Coke 39, a ; Coke Litt. 292, b ;

5 Coke 28, a. So he may maintain trespass, trover, &c., for goods taken out of his possession before probate of the will. Comyn's Dig., Ex'rs, B, 9.

Before probate of the will, not only is the person named as executor seized of all the personal estate of the deceased, as trustee of the legatees and others, but he is the representative of the whole estate disposed of by the will. He is not only the sole trustee for all persons having an interest under the will, but he is the only legal representative of the estate of the deceased. As such, it is his duty to cause the will to be proved, and he is aggrieved in his rights and in his property by any decree which divests him of his title in the estate of the deceased under the will. *Wiggin, Adm'r*, v. *Swett*, 6 Metcalf 197, 198. In this case it was decided, that an *administrator de bonis non* had such an interest in the estate as entitled him to appeal from a decree allowing the account of a former executor or administrator.

The statute makes it the duty of the person named as executor of any will to cause the same to be proved, and he is to present the same for probate within thirty days after the decease of the testator, or after he has knowledge that he is so named, unless he shall, within that period, file in the probate office a written refusal of the trust. Severe pecuniary penalties are imposed for any neglect of duty. Revised Statutes, ch. 157, secs. 3, 4. It would be quite remarkable if a person were made liable to punishment for not doing what he had not sufficient interest to give him a legal right to do.

That the executor holds the personal property or estate under the will as a mere trustee for the legatees and creditors, is no reason why he is disqualified to prosecute an appeal from a decree disallowing and setting aside the will; for it has frequently been decided that a naked trustee, without any beneficial interest whatever, may prosecute such an appeal. Indeed, it may be regarded as well settled, that a party has a right to appeal whose rights and interests are necessarily affected by the decree, whether the rights affected are those which he has in a personal or representative capacity. *Smith* v. *Bradstreet*, 16 Pick. 264; *Smith* v. *Sherman*, 4 Cushing 411.

In the case of *Northampton & als.* v. *Smith & als.*, 11 Metcalf 390, the testator bequeathed a sum of money to trustees, to be kept at interest until it had accumulated to a certain amount, and then to be paid over to the town of Northampton in trust for certain specified objects. The payment to Northampton was not to take place until the expiration of full sixty years from the decease of the testator. From a decree of the judge of probate respecting the will containing this bequest, the town of Northampton claimed and took an appeal. In overruling a motion to dismiss this appeal, on the ground that the town had no interest in the will, and was not an aggrieved party within the meaning of the law entitled to an appeal, the court say : " Without considering at present the case of other towns named in the will, we find, on looking into the will, a large pecuniary bequest, payable at a future and distant day, directly to the inhabitants of Northampton in their corporate capacity. This, it is true, is in trust, to establish certain agricultural institutions ; but as the legal estate must vest in the town, and as they have perpetual succession as a corporation, we think the corporation has now such an interest in the will as warranted them in an appeal from a decree declining to admit it to probate."

It would be extremely difficult to conceive on what principle the legatees in trust under a will could be held to have an interest which would give them a right to appeal, where the legal title in the property bequeathed was not to vest in them until after the expiration of sixty years, and yet the persons named as executors, in whom the legal title to that property vested upon the death of the testator, and whom the law constitutes the trustees and representatives of those legatees and their interests, not be held to possess a like interest.

Upon the whole, then, we entertain no doubt that a person named as executor in any will is not only bound to present the same for probate, unless he refuse the trust, but, as the trustee of the legatees and creditors, having the legal title of all the personal estate of the deceased under the will, and the legal representative of the whole estate, he possesses rights and inter-

ests to be affected by any decree disallowing, rejecting or refusing the probate of such will, which clearly entitle him to appeal therefrom. And the statement of the fact that the appellant is so named as executor, in a petition for appeal, is a sufficient setting forth of those rights and interests, to meet the requirements of the statute. For where the existence of a particular fact or state of facts is necessarily accompanied by certain legal rights and interests, a setting forth of the fact or state of facts is a sufficient averment of those rights and interests.

The motion to dismiss the appeal must therefore be denied.