## MATHES, JR., v. SMART & A., EX'RS.

A testatrix, having an estate valued at about $11,000, mostly in real estate, but comprising, also, promissory notes of the amount of about $900, a few miscellaneous books and pamphlets of very little value, and $400 in the Savings Bank for the County of Strafford, and $150 in the Newmarket Savings Bank (having one or two deposit books of the former and one or two of the latter bank), by her last will bequeathed to the plaintiff all her "books and papers of every description ;" to the Congregational Soc'ety in Newmarket, " all the interest accruing on all my deposits in

the Savings Bank for the County of Strafford," to be paid in a specified way, and subject to certain specified conditions, and made the defendants her executors and residuary legatees. *Held*, that the fund in the New-market Savings Bank did not go to the plaintiff under the bequest to him of all the testatrix's books and papers, but passed to the defendants under the residuary clause of the will.

IN EQUITY. The bill by Benjamin Mathes, Jr., against John W. Smart and John Perkins, executors, sets forth that Martha Cheswell made and executed her last will on July 2, 1863, whereby she appointed the defendants executors thereof.

The testatrix having died, the will was duly proved and allowed, and the defendants accepted their trust.

The parties have agreed that the facts stated in the case of *Perkins & a.* v. *Mathes*, reported in 49 N. H. 107, shall be taken to be proved, and are to be used as evidence at the hearing in this cause, so far as those facts shall be found pertinent to the present case. Those facts are the following:

The eighth clause of the will was as follows:

" I do give and bequeath unto Benjamin Mathes, Jr., of said New-market, all my books and papers of every description."

The ninth clause was,—" I do give and bequeath unto the Congregational society, in said Newmarket, all the interest accruing on all my deposits in the Savings Bank for the County of Strafford, at Dover, New Hampshire, to be paid to them from year to year and every year from the time of my decease by my executors, free from every expense or deduction, so long as said society shall remain in existence, and public worship shall be maintained in the meeting-house of said society according to the usages and customs of the orthodox Congregational faith and creed—temporary interruptions not to be noticed or to have any effect to abrogate this bequest. And I will and order that said deposits shall not be removed or withdrawn from said bank by my executors, nor said legacy varied, except by consent of all parties interested therein."

The testatrix, by her will, also gave to Frances A. Mathes and Ann E. Mathes, daughters of Benj. Mathes, all her household furniture, and to C. B. Mathes, a son of said Benjamin, one half the house and land where she lived, and other lands and buildings adjoining, on condition that he pay out to another legatee one hundred dollars. The defendants are residuary legatees, and gave bond to pay debts and legacies. More than half the testatrix's property passed under the residuary clause.

The testatrix left an estate valued at about $11,000, mostly in real estate. She held at her decease two small notes against John W. Smart, and five promissory notes signed by said Benjamin Mathes, amounting to about $850. She had about $400 in the Savings Bank for the County of Strafford, and about $150 in the Newmarket Savings Bank—having one or two deposit-books in the former, and one or two

in the latter bank. She left two large Bibles, one of which contained a family record; a Concordance; Doddridge's Family Expositor; Fleetwood's Life of Christ; Burnett's Life of Sir Matthew Hale; and some twenty other books, mostly, if not wholly, of a religious character; also, bundles of tracts, some unbound periodicals, and some newspapers—all of little pecuniary value. The only written books or pamphlets which she left were one or more old writing-books with copies, none of them whole; a book containing a few memoranda of payments of money, and perhaps one receipt; a little thin paper-covered book, with something written in it about the Bible—perhaps three or four leaves left in it; and a small book containing (in 45 pages) the journal of a committee appointed by the town of Newmarket in 1777 to procure the resignation or dismissal of a minister. The journal was kept by Wentworth Cheswell, clerk of the committee and father of the testatrix.

The plaintiff is a great nephew of the testatrix. The defendants are her nephews.

The object of the bill is to compel discovery by the executors of "all the books and papers of every description" left by the testatrix at her decease, and that they may be ordered and decreed to deliver and pay the same or the value thereof to the plaintiff.

The real purpose of the bill is, to obtain such a construction by the court, of the will, as shall establish the title of the plaintiff to the book of deposits in the Newmarket Savings Bank and the funds represented thereby, under the bequest of all the testatrix's "books and papers of every description."

*Hatch,* for the plaintiff.

*Small,* for the defendants.

FOSTER, J. We have previously had occasion to give a construction to this will, and have considered and held that the terms "all my books and papers of every description" were intended to include certain promissory notes, payable to the testatrix, which, by force of the will, therefore, passed to the present plaintiff. See *Perkins* v. *Mathes,* 49 N. H. 107.

We see no occasion to modify the views expressed in the opinion of the court in that case, to which we applied such ordinary and familiar rules as these : that, in aid of the construction of a will, regard is to be had to the situation and circumstances of the testator, his family, and relatives, and the nature, amount, and situation of his property ; that, having regard for these considerations, the construction depends upon the intention of the testator, to be ascertained from a full view of everything contained "within the four corners of the instrument"; that the words of a will must be taken in their ordinary, popular signification, unless there is something in the context or subject-matter clearly indicating a different use of the terms employed, and that a testator

is to be considered as intending a benefit to the object of his gift.  See *Hart* v. *Tulk*, 2 DeGex M. & G. *311.

Looking at the context of this will, we find that the testatrix gave to the plaintiff all her books and papers ; and this bequest was held to include (in view of all the circumstances of that case) the promissory notes due to the testatrix.

And we held, in that case, that the literal terms of the bequest were broad enough to include not only the Bible and other religious books— the tracts, pamphlets, manuscripts, memorandum, &c., described in the inventory of the estate—but also the account-books of the deceased, her promissory notes, bonds, certificates of stock or of deposits, and other evidences of debts due to her ; and that these would probably be held to carry and transfer, as incident thereto, the property, moneys, rights, and choses in action of which such papers are the representative. But as we then took occasion to say, so we may now repeat,—" that the terms ' books and papers' in this will were used in a sense less comprehensive, is manifest by reference to that part of the context which contains a specific bequest to the Congregational society of the interest upon the money in the Savings Bank at Dover.   The testatrix could not have intended to give to one legatee the deposits in the bank, and to another the worthless *certificate* of deposit; for although, in terms, she gives to the society the interest only upon the deposits, yet, by other terms in the same clause, the principal is placed within the absolute control of it, and, by implication of law, it belongs absolutely to the society.   The unqualified gift of the *income* of a fund confers an absolute and not merely a life interest in the principal, unless a contrary intention of the testator clearly appears.   *Blann* v. *Bell*, 13 Eng. L. & Eq. 188 ; *Doe d. Guest* v. *Bennett*, 6 Exch. (W. H. & G.) 892 ; *South* v. *Alleine*, Salk. 228.   A gift of the interest of £1000 is tantamount to an absolute bequest of the capital.   *Humphrey* v. *Humphrey*, 6 Eng. L. & Eq. 113 ; *Andrews* v. *Boyd*, 5 Greenl. 199 ; *Adamson* v. *Armitage*, 19 Ves. 416 ; Co. Lit. 4 *b ; Craft* v. *Snook*, 2 Beasley (N. J.) 121.

" It is manifest, therefore, that the money in the Savings Bank *at Dover* did not pass to Benjamin Mathes, Jr., under the bequest of books and papers."

Is any different intention to be inferred or other construction given to the will with respect to the deposits in the *Newmarket* Savings Bank ?

On the contrary, the peculiar, precise, and appropriate language of the will, in respect to her bank funds, affords strong intrinsic evidence that the testatrix could not have intended that these deposits should go to the plaintiff under the bequest of books and papers.

The bequest to the plaintiff of all the books and papers of the testatrix is contained in the eighth clause of her will.

Immediately following this bequest comes the ninth clause, containing a specific bequest of other deposits in a savings bank to the Congregational society.   This clause is framed and expressed with special care, and with evident understanding of the import and meaning of the

terms used. By these terms she gives to the Congregational society " all the interest accruing on all my deposits in the Savings Bank for the County of Strafford, at Dover, N. H., to be paid to them from year to year," &c. " And I will and order that said deposits shall not be removed or withdrawn from said bank by my executors," &c., thereby excluding from the custody of her executors, as well as from the plaintiff, to whom she had immediately before given all her books and papers of every kind, the book containing evidence of and control over the deposits in the Strafford Savings Bank.

Now, although these two clauses are thus closely connected and the latter is so carefully expressed, there is no reference in either to the other, nor anything in either of them to indicate that in the mind of the testatrix one clause conflicted with the other.

In the ninth clause the testatrix uses apt words descriptive of her funds in the savings banks, designating so much of those funds as is there disposed of by the terms " all my deposits in the Savings Bank for the County of Strafford;" and in the latter part of the same clause she orders that " said *deposits* shall not be removed," &c.

It is to be observed that in disposing of these funds she does not give to the society her deposit book, bank book, or her books or papers at all,—terms which she would have been very likely to employ if she had adopted, in the prior clause, the words " books and papers" as the proper terms to use in the disposition of these funds.

One of Mr. Jarman's fundamental rules in the construction of wills is the following: " XVIII. That words occurring more than once in a will shall be presumed to be used always in the same sense, unless a contrary intention appear by the context, or unless the words be applied to a different subject." 1 Redf. Wills 428, note, and authorities cited.

To adopt the language of the learned counsel for the executors: " The presumption would seem to be equally strong, that where a testator describes the same or a like object in his will more than once, he would do so by the same words, or words of similar import. And here, if it had been the understanding of the testatrix that she was bequeathing to the plaintiff the deposits in the Newmarket Savings Bank under the term ' books and papers,' it is to be presumed that she would have used the same or some like term in bequeathing like deposits in the Savings Bank for the County of Strafford. And it appearing that she understood what were apt words of description of her funds in savings banks, and having used these words with carefulness twice in the ninth clause in her will, it is not to be supposed that she was ignorant of them when the eighth clause was written; but it is to be presumed that in disposing of a like object in the eighth clause, she would have used words of a like import, and not have used words that could be applied to the intended legacy only by a forced construction." The bequest of " all the books and papers" of the testatrix is very general, broad, and comprehensive, as we have seen. Equally so are the terms " all the rest and residue of my estate, both real and personal."

To both these bequests the language of Lord ELDON, in *Church* v. *Mundy*, 12 Ves. 426, is applicable : " It is much more safe to consider those subjects intended which the words describe, than to supply a purpose by conjecture. The best rule of construction is that which takes the words to comprehend a subject that falls within their usual sense, unless there is something like declaration plain to the contrary."

In *Perkins* v. *Mathes*, we were influenced not a little by the consideration that, unless the promissory notes were to be regarded as comprehended in the bequest of books and papers, there was in reality no bequest of practical value to the plaintiff; and we applied the familiar rule of construction, that the testatrix was to be presumed to have intended a benefit to the object of her bounty, who stood apparently in the same relation of kindred and friendship to the testatrix, with the residuary legatees. And there was no specific bequest of the notes by name. It has been held that although the term " money" (like books and papers) is usually to be taken in its ordinary signification, nevertheless stocks in the public funds may pass under that designation where there is *no money* for the bequest to operate upon. *Chapman* v. *Reynolds*, 6 Jur. N. S. 440.

The distinction is very apparent in the present case. The testatrix has given to one person all her books and papers of every kind. These terms are clearly broad enough to include, as we have once decided, the promissory notes. The deposit books and funds may just as well and just as naturally be included within the bequest as the notes. But the testatrix having, without any restriction or reservation in the specific clause of bequest, given to the plaintiff her books and papers, immediately declares, by the very next clause in her will, that these terms do not, to her mind and in her intention, include deposits in the savings banks. *Church* v. *Mundy*, 12 Ves. 426. In *Roe* v. *Avis*, 4 T. R. 605, the residuary words were large enough to include every possible interest; but it was held that a reversionary interest did not pass on account of the application of the residuary estate directed,—showing that the testatrix could not have had in contemplation the remote reversionary interest.

These deposits then being excepted out of the bequest of books and papers generally, and those in the Newmarket bank not being specifically bequeathed, there is nothing to restrict the terms of the residuary clause, which must be received and understood in their ordinary sense, there being nothing to show plainly that they were intended to be received in a different sense. See 2 Redf. Wills 694.

" It seems to be well settled," says Mr. Redfield (2 Wills 442), " that a residuary bequest as to personal estate—for it is otherwise as to real— carries not only everything not attempted to be disposed of, but everything which turns out not to have been effectually disposed of, as void legacies and lapsed legacies. A presumption arises in favor of the residuary legatee, as to personalty, against every other person except the particular legatee. The testator is supposed to give it away from the residuary legatee only for the sake of the particular legatee."

*Cambridge* v. *Rous*, 8 Ves. 12 ; *Leake* v. *Robinson*, 2 Mer. 363. "The result is, that everything which is ill given falls into the residue," said the court, in *Reynolds* v.*Kortwright*, 18 Beav. 427 ;—see, also, *King* v. *Strong*, 9 Paige 94, and cases there cited.

The result of these considerations is,, that the bill

                                         *Must be dismissed.*