RICHARDSON *v.* MARTIN.        { DECEMBER 9,      | 55   45
                                      1874.        | 66  567

The widow of a devisee cannot take as heir of her husband, under a clause giving certain bequests to him and his heirs, unless it is apparent from the will that the word "heirs" is not used in its ordinary sense.

The executor of such will has a right to appeal from a decree of a judge of probate treating such widow as an heir of her deceased husband.

The facts are sufficiently stated in the opinion of the chief justice. All questions were, by an agreement filed in the case, waived, excepting as to the right of the appellant to take the appeal, and as to the widow's right to take as heir of her husband, John D. Martin.

*Morrison, Stanley & Hiland*, for the appellant.

*George Y. Sawyer & Sawyer, Jr.*, for the appellee.

CUSHING, C. J.    The questions in this case arise under the will of William Plummer, who gave the income and avails of certain property to the grandchildren of his sister Deborah, or their heirs. At the decease of the testator, his sister Deborah's grandson, John D. Martin, was alive, and the appellee, Anna M. Martin, was his wife. The appellant is the executor and trustee under said Plummer's will, and it is agreed that he holds the funds in dispute as executor, and not as trustee. A certain portion of this fund was income, which had accrued during the life of John D. Martin. John D. Martin left the appellee his widow, and no children. The decree of the judge of probate treated the appellee as one of the heirs of John D. Martin, and decreed to her one half of so much of the avails as were given by the will to the heirs of John D. Martin, and the question is whether the appellee

is entitled to take as heir of John D. Martin.    By Gen. Stats., ch. 176, administration may be granted to the "wife," or "next of kin."    By Gen. Stats., ch. 184, the next of kin is spoken of as different from the widow.    By *Campbell* v. *Wallace*, 12 N. H. 362, and *Stevenson* v. *Cofferin*, 20 N. H. 150, the term "heirs" is applied to next of kin.    The term "heir," in common understanding, applies to those who take by reason of blood relationship, or, in the terms of the statute, "next of kin." "When, therefore, these terms" (the word "heir" or "heirs") "are used in a will affecting personal property, they will be held equivalent to next of kin, and as including those persons who would take the estate under the statute of distribution."    2 Redf. on Wills 62.    In construing wills, words are to be understood in their ordinary sense. *Gale* v. *Drake*, 51 N. H. 78 ; *Mathes* v. *Smart*, 51 N. H. 438.    The appellee, therefore, cannot take as heir of John D. Martin under this will.

She is entitled, as the widow of John D. Martin, to her share, as given by statute, of what remains of his personal estate after paying debts and expenses of administration ; but she must reach this through the administrator of John D. Martin's estate, through whom alone she can ordinarily acquire title to the personal estate of her deceased husband.

Nothing appears in the case to show that the income accruing during the life of John D. Martin did not vest in him and make part of his estate, so that the appellant should pay one half of that to the administrator of John D. Martin.    The appellee can take nothing as heir of John D. Martin, and the decree should be modified accordingly.    The appellant, being executor and trustee under the will, is bound to execute his trust according to law, and has sufficient interest to entitle him to maintain an appeal.    *Shirley* v. *Healds*, 34 N. H. 407.

LADD, J.    In *Shirley* v. *Healds*, 34 N. H. 407, it was shown to be well settled that a party has a right to appeal from the decree of a judge of probate, whose rights and interests are necessarily affected by the decree, whether the rights affected are those which he has in a personal or representative capacity.    And it was there held that the person named as executor has sufficient interest in the estate of a testator to give him a right, under the statute, to claim and prosecute an appeal from a decree of the judge of probate refusing to admit the will to probate.

The *ratio decidendi* of that case, and the authorities referred to in the opinion of the court, I think clearly establish the plaintiff's right to appeal in the present case.

The second and most important question is, whether Anna M. Martin takes under the will of William Plummer, as heir to her husband, John D. Martin ; and I think she does not.    It is undoubtedly true, that, if a clear intention of the testator to bestow his bounty upon her could be gathered from the terms of the will, the word heirs might well enough be regarded as *designatio personæ*, and the court would

give effect to such intention, although the term used be not strictly and legally correct to describe the person intended.   *Goodright* v. *White,* Wm. Bl. 1010 ; *Carne* v. *Roch,* 7 Bing. 226 ; *Morton* v. *Barrett,* 22 Me. 257.

But it is to be observed that, while there is nothing whatever in the present will to show any such intention on the part of the testator, the use of the term *legal* heirs would seem to indicate, on the other hand, that the distinction was in his mind, and hence to denote a contrary intention.   Besides, the subject-matter is real estate and the income arising out of real estate, and this circumstance alone is, perhaps, sufficient to make our decision consistent with that of the Massachusetts court, in *Sweet* v. *Dutton,* 109 Mass. 589, and the reasons, as given by CHAPMAN, C. J., upon which that decision is placed.   However that may be, I think, upon so much of the will as is before us, it is impossible to hold that the testator here used the word heirs in the sense of distributees.

I do not see upon what principle the court can set aside one class of beneficiaries, clearly and distinctly designated in the will by an appropriate and accurate description, and substitute another not coming within the legal or popular import of the words there used.   See Gen. Stats., chaps. 183, 184.   As to the income which had accrued prior to the death of John D. Martin, I am of opinion that must be treated as having vested in him, and as being assets in the hands of his administrator.

SMITH, J.   1. Upon the question of the right of the executor to appeal, the case of *Shirley* v. *Healds,* 34 N. H. 407, is decisive.   In that case it is said that " it may be regarded as well settled that a party has a right to appeal whose rights and interests are necessarily affected by the decree, whether the rights affected are those which he has in a personal or representative capacity."   To the same point are *Smith* v. *Sherman,* 4 Cush. 411, and *Smith* v. *Bradstreet,* 16 Pick. 264.

2. There is nothing in the will of William Plummer to show that the word " heir " is not to be understood in its ordinary sense.   In its ordinary sense it is understood to mean one born in lawful matrimony, who succeeds by descent and right of blood.   Bouv. Law Dic.   The Gen. Stats., in defining what share or portion in her deceased husband's estate the widow shall receive, nowhere speak of or include her with his heirs or next of kin.   She rather takes by virtue of her *status* as widow, and under no other name.   If she is to be classed with and considered one of his heirs, the question might arise whether it would not follow that she would be liable on the covenants of her husband in which he was specially bound, equally with an heir on the covenants of his ancestor, yet I think it never has been claimed that she is so liable.

Without further discussion of this question, I think it is clear that Anna M. Martin cannot take as heir to her husband any part of his share in these two legacies.   Such portion of the income as accrued prior to his death is payable to his administrator, before the final set-

tlement of his estate. She will, as his widow, be entitled to such share of the balance remaining in the administrator's hands as the statute provides.                                                   *Decree accordingly.*