CONN. MUT. LIFE INS. CO. *v.* FISH & *a.*

Under a policy of insurance payable to A upon the death of B, or, in case B survived her, to her children, the child of A's deceased child, who survived her, takes the share of his deceased parent, and the widow of A's son, who survived her, takes nothing.

BILL OF INTERPLEADER. The defendants were decreed to interplead, and submitted the case upon the material facts stated in the bill, which are as follows:

December 12, 1850, Mary Bingham (who died August 5, 1866) procured from the plaintiffs a policy upon the life of her husband (who died October 4, 1878) for $2,000, payable to her, or her executors, administrators, and assigns, within ninety days after notice and proof of the death of her husband, or, in case her husband should survive her, payable after his death to her children for their use, or to their guardian if under age. At the time of effecting the insurance, Mrs. Bingham had four children,—to wit, Mary J., who died October 7, 1853, without issue and unmarried; George B., who died after his mother and before his father, leaving a widow (one of the defendants), but no issue; Arthur, who died after his mother, and before his father, leaving a widow and one child, Richard F. Bingham (two of the defendants); and Albert D. Bingham (the other defendant). The defendants make conflicting claims to the insurance money.

*French*, for the plaintiffs.

*Burns*, for A. D. Bingham.

*Bailey & Cutter*, for Lucy J. Bingham and R. F. Bingham.

SMITH, J.   By the terms of the policy, the sum due upon the death of Mrs. Bingham's husband is payable to her children. Who were intended by the term "children" is to be determined from the circumstances of the assured at the time the contract was entered into, as well as from the terms of the contract itself.   *Swain* v. *Saltmarsh,* 54 N. H. 9, 16 ; *Ordway* v. *Dow,* 55 N. H. 11, 17. One of the children of the assured having died during her lifetime, without issue and unmarried, the inquiry is narrowed to the question whether the policy is payable to the child who survived the father, or to the children who survived the mother, and their legal representatives.

The object of the parties, and more particularly of Mrs. Bingham, was to provide a fund for her support in case she should survive her husband, and, in case of her death before his decease, to make a like provision for her children.   There is nothing in the language of the contract, or in the circumstances under which it was made, that indicates an intention to confine its benefit to such children only as might survive her husband, to the exclusion of the legal representatives of such children as might die before his decease.   The entire omission from the policy of language expressive of an intention so to limit the benefit of the fund is an argument against such construction.   In case Mrs. Bingham survived her husband, the policy, being payable to her, would become a part of her estate, and, in case of her dying intestate, would become assets in the hands of her administrator, to be distributed to her heirs,— that is, to her children and the legal representatives of her children,—subject, of course, to the payment of her debts and the expenses of administration.   A disposition of the funds so probable, in case she survived her husband, indicates that, in the event he survived her, the benefits of the policy should be shared not only by such children as might survive her husband, but also by the legal representatives of her deceased children.   It is not probable that she intended that in one event the policy should be for the benefit of her heirs generally, and in the other be limited to such children as should survive her husband.

Again : if the intention was to limit the benefit of the policy to the children surviving at the death of her husband, it is significant that no provision is made for the payment of the sum secured by the policy in case none of her children should survive him.   If they contemplated such a contingency, and considered that in such an event the policy would be payable to her administrator to be distributed to her heirs, it affords an additional reason for holding that the intention of the parties was not to limit the benefit of the policy to the surviving children by the terms used in the written contract.   Nor is it to be presumed that the parties intended to exclude grandchildren,—the very persons who would be most likely to need the benefit of the fund.

The widows of George B. and Arthur are not entitled to any

share of the fund.   The parties treated the sum insured as the estate of Mary Bingham, to be distributed, at her husband's death, according to the statute of distributions applicable to her estate, which would exclude the widows of her deceased sons. *Richardson* v. *Martin*, 55 N. H. 45.

It follows, from these views, that the policy is payable to Albert D. Bingham and Richard F. Bingham, in equal shares.

*Case discharged.*

FOSTER and BINGHAM, JJ., did not sit : the others concurred.