## PETITION OF CONCORD AND PEMBROKE.

Upon the discontinuance of a highway, damages may be awarded, under sec. 3 of chap. 65, Gen. Stats., to a land-owner whose land did not abut on the highway.

This was a petition of the city of Concord and the town of Pembroke for leave to discontinue a highway in the two towns.

The petition was referred to the county commissioners, who made their report in favor of the discontinuance, and awarded damages to land owners abutting on the highway, but declined to award any damage to Hugh T. Warren, whose land did not abut upon the highway but was in the vicinity of it.

There was evidence before the court that the discontinuance of the highway would be an inconvenience to said Warren in the occupation of his land, and a damage to him; and it was not controverted that the commissioners declined to award damage to him because his land did not come to the road, supposing that they had no lawful authority to award damage in such case; and for error in this view of the law, said Warren moved that the report be recommitted, which motion, for the purpose of raising this question of law, was denied; and said Warren excepted.

If the commissioners were mistaken in the law, the report is to be recommitted, to consider the claim of the said Warren for damage.

*L. T. Flint*, for the petitioners.

*Marshall & Chase*, for Warren.

SMITH, J.  " On petitions for discontinuance of highways referred to the county commissioners, if they report for the discontinuance, they shall assess the damages occasioned to any person thereby."   Gen. Stats., ch. 65, sec. 3.

This language is certainly broad enough to include persons whose land does not abut on the highway.

The petitioners cite the statute provision, that " like proceedings " may be had in discontinuing " as in laying out highways ; " and they argue that no person is entitled to damages upon the discontinuance of a highway, unless he would have been so entitled upon the laying out of the highway.   But it seems to us that the clause cited by the petitioners refers only to matters of practice and forms of procedure.   The statutes relative to laying out, award damages only to the owners of land or other property actually taken for the highway.   No such limitation is expressed in the statute relative to discontinuances, and there are not sufficient reasons for implying it.   The test proposed by the petitioners would exclude the claim of an abuttor whose land was not covered by the highway.   One who owns on the line of a highway is not entitled to damages upon the laying out.   *Kennett's Petition*, 24 N. H. 139.

It could not have been the intention of the legislature to give damages, upon a discontinuance, to any individual for inconveniences experienced by him in common with all the rest of the community.   If the inconveniences suffered by Warren differ only in degree, and not in kind, from those endured by the public generally, he cannot recover damages therefor.  " But if he suffers a peculiar and special damage, not common to the public," and that damage is the direct consequence of the discontinuance, he may recover therefor under the statute.

We do not understand that we are now asked to consider whether he has sustained such damage.   This could not be determined without a fuller statement of facts.

All that the court now decide is, that the commissioners were mistaken in supposing that in no possible event could they legally award damages to a man whose land " did not come to the road."

No authorities directly in point have been cited by counsel.   *Coster* v. *The Mayor of Albany*, 43 N. Y. 399, tends to sustain the decision of the commissioners.   The Revised Statutes of Massachusetts (chap. 24, sec. 11) provided for payment " if any damage shall be sustained by any persons in their property, by the laying out, altering, or discontinuing of any highway."   It has twice been held, in that State, that the discontinuance of a highway gives no right to recover damages to the owner of land not abutting on the way discontinued, and still accessible by other ways.   *Smith* v. *City of Boston*, 7 Cush. 254 ; *Castle* v. *County of Berkshire*, 11 Gray 26.   But in the first of these cases, SHAW, C. J., said (p. 257) : " We do not mean to be understood as laying down a universal rule that in no case can a man have damages for the discontinuance of a highway unless his land bounds upon it,— although, as applicable to city streets, intersecting each other at short distances, it is an equitable rule.   A man may have a farm, store, mill,

or wharf, not bounding on a street, but communicating with it by a private way, so situated that he has no access to his property but by the public way. If this is discontinued, he must lose the benefit of his estate, or open a way at his own expense, which might be a direct and tangible damage consequent upon the discontinuance of the public way; and we are not prepared to say that he would not have a claim for damages under the statute."

*Report recommitted.*