Carroll,
March 3, 1903.

BENNETT *& a., Ap'ts, v.* TUFTONBOROUGH.

The inhabitants of a town are not parties in highway proceedings, and, as individual taxpayers merely, they have no right to appear and be heard in opposition.

The statutory provision, that "any person aggrieved" may appeal from a decision of selectmen laying out a highway, confers that right upon those only who are interested in or affected by the proceeding in some manner not shared by the public generally.

APPEAL, from the decision of the selectmen of Tuftonborough laying out a highway. The plaintiffs are citizens and taxpayers of the town, but are not otherwise interested in the proceedings. The defendants' motion to dismiss was granted at the October term, 1902, of the superior court, by *Peaslee*, J., subject to exception.

*Arthur L. Foote*, for the plaintiffs.

*Sewall W. Abbott*, for the defendants.

PARSONS, C. J.    The inhabitants of a town are not parties in highway proceedings.  *Landaff's Petition*, 34 N. H. 163, 172.  Individual taxpayers, as such, have no right to appear and be heard in opposition to the laying of a highway.    They are represented by the town, the aggregation of all the taxpayers, voters, and citizens who reside therein.    *Burnham* v. *Goffstown*, 50 N. H. 560, 562, 563.  "Towns are given no right of appeal from the decision of the selectmen.    The presumption is that no injustice will be done them by the action of their own citizens, equally interested with other citizens in preventing unnecessary burdens.    They have the power to discontinue the road at any time."    *Carpenter's Petition*, 67 N. H. 574; *Eames' Petition*, 16 N. H. 443, 448.    As the right of appeal is not given to "any person," or to "any taxpayer," or to "any citizen," but only to "any person aggrieved" (P. S., *c.* 68, *s.* 2), it must be understood that the legislature intended to give this right to those persons only who were interested in or affected by the proceedings in some manner differently from the public, citizens, and taxpayers generally.    *The King* v. *Essex*, 5 B. & C. 431.  The extent or character of an interest or injury sufficient to constitute one a person aggrieved, by differentiation from taxpayers and citizens generally, is a question not raised.    The plaintiffs have alleged nothing distinguishing their right and interest from that of other citizens and taxpayers.    Generally, it may be said that one cannot be legally aggrieved by a decision unless he has some private right which is affected thereby.    *The King* v. *Dewsnap*, 16 East 195, 196; *The King* v. *Middlesex*, 3 B. & Ad. 938; *Bryant* v. *Allen*, 6 N. H. 116, 118; *Clark* v. *Courser*, 29 N. H. 170; *Shirley* v. *Healds*, 34 N. H. 407, 411; *McIntire* v. *McIntire*, 64 N. H. 609; *Wiggin* v. *Swett*, 6 Met. 194, 197; *Lawless* v. *Reagan*, 128 Mass. 592, 593; *Chandler* v. *Commissioners*, 141 Mass. 208; *Travis* v. *Waters*, 12 Johns. 500, 511.    It is not necessary now to decide that in no case could a taxpayer be aggrieved by the imposition of a burden upon the municipality of which he is a member.    The legislative intention in this case not to confer an indiscriminate right of appeal is sufficiently clear.    It is not probable that a right of appeal not considered necessary for the whole body of taxpayers in their corporate capacity was intended to be given to individual taxpayers, who have as such no right to appear and be heard.    *Burnham* v. *Goffstown, supra.*

*Exception overruled.*

CHASE, J., was absent: the others concurred.