Strafford,
No. 5376.

### DOVER HOUSING BOARD *v.* WILLIAM COLBATH.

Argued October 5, 1965.
Decided October 29, 1965.

*T. Casey Moher,* city attorney (by brief and orally), for the plaintiff.

*William E. Galanes* (by brief and orally), for the defendant.

WHEELER, J. Petition to enforce housing standards under the provisions of RSA ch. 48-A (supp). Pursuant to the provisions of this chapter the city of Dover adopted a housing ordinance which provided for a housing board to administer the provisions

of said chapter "in order that any dwelling which exists or may exist within the city of Dover which is unfit for human habitation due to dilapidation, dangerous defects which are likely to result in fire, accidents or other calamities, unhealthful lack of ventilation or sanitary facilities, or due to other unhealthy or hazardous or dilapidated conditions, may be caused to be repaired, closed, demolished or removed from the city of Dover." Dover Housing Ordinance, sec. 1.3.

The defendant is the owner of a certain multi-tenement wooden building located in Dover. After public hearing the housing board found that defendant's property was "unsafe, unsanitary and dangerous to the health, safety and general welfare of the people of the city" and served notice upon the owner that the dwelling be brought into conformance with the terms of the housing ordinance or be removed. Upon failure of the defendant to comply with this order the petition now before us was instituted.

The Court (*Loughlin,* J.) found the building to be " . . . a very definite fire hazard, dilapidated and probably vermin ridden" and transferred without ruling " . . . whether or not remedial relief for the petitioner is within the provisions of RSA 48-A."

The defendant concedes that the building at the present time is unsound, not fit for human habitation and has not been inhabited for at least the past ten years. The water and electrical services have been discontinued. The defendant contends that the building in question is not a "dwelling" within the definition of RSA 48-A:1 III (supp) which provides: " 'Dwelling' shall mean any building, structure, trailer, mobile-home or camp or part thereof, used and occupied for human habitation or intended to be so used and includes any appurtenances belonging thereto or usually enjoyed therewith."

The defendant further contends that the ordinance is invalid since it was not published after its adoption in accordance with the provisions of RSA 47:18 which provides: "PUBLICATION. All city by-laws and ordinances *shall be duly published* by one or more insertions in such newspaper or newspapers as the city councils shall direct; but whenever any city shall make a general revision of all its ordinances no publication of such revised ordinances shall be required in any newspaper." (Emphasis supplied).

On this issue the Court found that "No evidence of lack of

publication was introduced by either an agreement to that effect by counsel or by evidence" and "the statute was valid, and is now valid." It is now conceded by the parties in their briefs that the housing ordinance was never published.

Plaintiff argues that the validity of this ordinance even in the absence of publication has been established by *State* v. *Wimpf-heimer*, 69 N. H. 166. That case held (*Ib.,* 171) that "the statute [now RSA 47:18] relating to the publication does not provide that an ordinance shall not go into effect until after the publication . . . and a failure to comply with it does not render an ordinance invalid." This statute as so interpreted in 1897 having been since re-enacted repeatedly without change, the Legislature is deemed to have adopted this interpretation of it. *Krewski* v. *Hooksett,* 98 N. H. 175; *Rockwood* v. *Rockwood,* 105 N. H. 129, 131. We therefore hold the Dover housing ordinance valid.

It was also stated, however, in the *Wimpfheimer* case that the purpose of P. S., *c.* 50, *s.* 11 now RSA 47:18 is to notify the public of the existence of an ordinance which has been enacted. We hold that this statute by its terms clearly imposes a duty on city councils to see that "all city by-laws and ordinances shall be duly published by one or more insertions in such newspaper or newspapers as the city councils shall direct."

The term "dwelling house" has been given various definitions for various purposes. In the ordinary and common use of the word it means a building originally designed for human habitation. The fact that defendant's building has been unoccupied for a number of years and he does not intend that it be used as a dwelling in the future is not controlling. The defendant's building is a "dwelling house" within the meaning of RSA 48-A: 1 III (supp). The general purpose of RSA ch. 48-A (supp) is to impose housing standards for dwellings and it provides authority for their repair or demolishment, whether occupied or unoccupied when they are unfit for human habitation. The parties agree that the defendant's building is unfit for human habitation and the Court further found it to be "a fire hazard, health hazard, eyesore and generally dilapidated." We think the situation here was precisely what RSA ch. 48-A (supp) was intended to remedy. The plaintiff is entitled to remedial relief under the chapter.

*Remanded.*

All concurred.