Strafford,
No. 6068.

JOHN A. DAVY *v.* DOVER.

January 29, 1971.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert Fisher* orally ), for the plaintiff.

*Anthony McManus* ( by brief and orally ), for the city of Dover.

GRIFFITH, J. This is a petition for declaratory judgment brought to test the validity of certain provisions of the Housing Standards Ordinance of the city of Dover. Plaintiff is the owner and occupant of a house at 16 Cataract Avenue in Dover. RSA ch. 48-A( supp. ) authorized cities and towns to adopt ordinances providing for housing standards and their enforcement. The Dover ordinance was passed under the authority of RSA ch. 48-A( supp. ) and was held validly to be enacted in *Dover Housing Board* v. *Colbath,* 106 N.H. 481, 213 A.2d 923 ( 1965 ).

The case was transferred on an agreed statement of facts by *Leahy,* C.J. Originally four questions were transferred without ruling but subsequent legislation has rendered moot questions one and four. The first question briefed and argued by the parties is, " 2. Does the City have the right to procure a search warrant and inspect the premises of the Petitioner to search for possible, unknown violations of the Housing Ordinance? "

In the agreed statement of facts it is stated that the Housing Inspector claims to have observed apparent violations of the ordinance in a visual inspection of the exterior of plaintiff's premises and because of a refusal of inspection proposes to seek a search warrant. Article IV, Sect. 4.1( b ) of the ordinance provides " Upon refusal of a property owner and / or tenant to allow inspection of his property, the Housing Inspector and / or the Housing Standards Board shall seek a search warrant from proper authorities if an inspection of said property is required to carry out the provisions of this Ordinance. " Plaintiff claims that this provision of the ordinance is not authorized by RSA ch. 48-A( supp. ).

RSA 48-A:8( III ) ( supp. ) authorizes an ordinance to permit the delegated officers of a housing authority " to enter upon premises for the purpose of making examinations, provided that such entries shall be made in such manner as to cause the least possible inconvenience to the persons in possession, and to obtain an order for this purpose from a court of competent jurisdiction, in the event entry is denied or resisted. " Plaintiff contends

that "court of competent jurisdiction" refers to the provisions in RSA 48-A:4( supp. ) and 5( supp. ) relating to actions to enforce orders of the Housing Authority. He argues that since these provisions require an adversary hearing in the superior court entry upon premises can only be ordered by the superior court after an adversary hearing. We cannot accept this interpretation. RSA 48-A:4( supp. ) deals with procedure for the enforcement of orders already made by the public agency of the municipality and for that purpose specifically authorizes the agency to file a petition in the "*superior court.*" ( Emphasis added ). RSA 48-A:8( supp. ), dealing with additional provisions which can be adopted by a municipality, authorizes a provision under which the public agency could obtain a permit "to enter upon premises for the purpose of making examinations" from "*a court of competent jurisdiction.*" ( Emphasis added ) If the latter court was intended to be the superior court only, the legislature could have so provided in specific terms as it did in section 4. *See Arsenault* v. *Keene,* 104 N.H. 356, 358, 187 A.2d 60, 62 ( 1962 ); *cf.* 50 Am. Jur. Statutes *s.* 271 ( 1944 ). RSA 48-A:8 ( III )( supp. ) contains no reference to sections 4 and 5 even by inference and since it pertains to entry for inspection to determine whether or not there are violations it is unrelated to the provisions to enforce orders of the authority.

The United States Supreme Court has held that a search warrant is required to inspect property under circumstances such as this. *Camara* v. *Municipal Court,* 387 U.S. 523, 18 L. Ed. 2d 930, 87 S.Ct. 1727 ( 1967 ); *See* v. *City of Seattle,* 387 U.S. 541, 18 L. Ed. 2d 943, 87 S.Ct. 1737 ( 1967 ). These cases laid down a less stringent rule for issuance of a search warrant than in a criminal case. If a valid public interest justifies the intrusion contemplated, then there is probable cause for the issuance of the warrant. Since the requirements for issuance of an order of inspection under the statute and a search warrant under the ordinance would be the same under this rule it appears that the ordinance merely designates a name for the process which is more readily understood. It follows that "court of competent jurisdiction" in the statute refers to municipal, district and superior courts authorized to issue search warrants by RSA ch. 595-A( supp. ). The answer to the first question is in the affirmative.

The trial court also transferred the following question: "3.

Is Article IX of the Ordinance contrary to the terms of RSA 47:17 and therefore invalid?"

This article of the ordinance provides that violations shall be punished by a fine not to exceed twenty dollars per day and that each day's failure to comply with the provisions shall constitute a separate violation. Although the penalty provisions of the ordinance have not been invoked against the plaintiff, declaratory relief is intended "to permit a determination of a controversy before obligations are repudiated and rights invaded." *Portsmouth Hospital* v. *Indemnity Ins. Co.*, 109 N.H. 53, 55, 242 A.2d 398, 400 (1968). Accordingly we will consider the validity of these penalty provisions in the ordinance.

The ordinance contains provisions for determination of violations by the Housing Standards Board, appeal to the City Council and petition by the Board to the superior court for remedial orders to require correction by the owner of any violations. The provisions for determination and remedy of violations are in accordance with RSA ch. 48-A( supp. ) which does not specifically authorize the penalty provisions of the ordinance. However other provisions of this statute indicate that these provisions are not intended to be an exclusive enforcement procedure under the statute and that other enforcement provisions are not precluded. RSA 48-A:8( supp. ) states that the delegated authority is not exclusive. RSA 48-A:9( supp. ) recites that the statute does not impair the powers of courts or municipal bodies to "prevent or punish" violations of ordinances and are in addition to other powers "conferred by any other law." RSA 48-A:10( supp. ) provides: "Nothing in this chapter shall be construed to impair or limit in any way the power of the municipality to define and declare nuisances and to cause their removal or abatement, by summary proceedings or otherwise." These sections of RSA ch. 48-A( supp. ) authorize the enactment of the penalty provisions of the ordinance. The ordinance is consistent with RSA 47:17 authorizing cities to enact bylaws with "penalties, not exceeding twenty dollars," and also with RSA 47:17 ( XIV ) and ( XV ). The answer to question "3" is in the negative.

*Remanded.*

All concurred.