261 So.2d 827 (1972)
Allen F. WAGER et al., Petitioners,
v.
CITY OF GREEN COVE SPRINGS, Florida, a Municipal Corporation, et al., Respondents.
No. 40953.
Supreme Court of Florida.
April 26, 1972.
Rehearing Denied June 2, 1972.
Berwick Anderson, of Anderson & Wilkes, Green Cove Springs, for petitioners.
Thomas J. Rivers, Green Cove Springs, Scruby & Yonge, Orange Park, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari alleging conflict between the decision of the District Court of Appeal, First District, sought to be reviewed[1] and prior decisions of this Court and other District Courts of Appeal.
Petitioners, plaintiffs below, filed a complaint on March 31, 1970, against the City *828 of Green Cove Springs and Clayton Revels and his wife, alleging that only a short time before the City had denied a petition to rezone a residential area where petitioners resided and such action had been affirmed by the Circuit Court and an appeal to the District Court dismissed. The complaint alleged, however, that the City had subsequently rezoned the same property in the absence of changed conditions, thus violating principles of res adjudicata. The Circuit Court dismissed petitioners' complaint for failure to allege special damages giving them standing and also dismissed the amended complaint. The District Court affirmed per curiam without opinion.
For many years the property owned by petitioners and the property owned by the respondents, Revels, was classified as R-1A which permits only single family residences. On January 16, 1968, the City Zoning Board, after a public-hearing, denied a petition filed by the Revels to change the classification of their property from R-1A to C-2 to permit a business use. The Revels filed a complaint in the Circuit Court seeking to declare the action of the City void and to require reclassification of the property. In that suit, the defendants were the City of Green Cove Springs and the present petitioners. On May 13, 1968, the Circuit Court upheld the validity of the City's action in refusing to rezone the property. An appeal to the District Court was taken but on February 16, 1970, was dismissed for failure to prosecute.
On March 3, 1970, the City Commission met in regular session to consider a second petition filed by Revels to rezone their property. Petitioners state that between the dates of January 16, 1968, when the first petition was considered and rejected and March 3, 1970, date of the second petition by the Revels, neither the character of the several properties owned by the petitioners herein and the respondents, the Revels, nor the character of the neighborhood had in any way changed. Nevertheless, the City Commission, acting as a Zoning Board, on March 3, 1970, granted Revels' petition and rezoned the property owned by Revels to the same classification sought on the January 16, 1968, petition.
In their complaint, petitioners alleged that the Revels intend to use their property for the storage and repair of a large number of motor vehicles in conjunction with their existing business of a retail automobile dealer carried on upon adjoining property. This commercial use will be carried on directly across the street from each of the petitioners' property and result in serious depreciation of the value of their property for residential purposes.[2]
Petitioners cite for conflict Metropolitan Dade County Board of County Com'rs v. Rockmatt Corporation[3] wherein it was held that the doctrine of res adjudicata is applicable to rulings or decisions of administrative bodies and to rulings of such bodies dealing with zoning regulations unless it can be shown that since the earlier ruling there had been a substantial change in circumstances relating to the subject matter of the ruling sufficient to cause different or contrary determination. In the Rockmatt case the denial of the application made by a predecessor in interest of a nightclub operator for a special permit in the nature of a zoning variance to operate a nightclub in an area zoned for other *829 uses, was held res adjudicata of the owner's subsequent application.
Also cited for conflict is the case of Boucher v. Novotny[4] which involves an action by certain landowners to enjoin alleged violations of setback requirements of a municipal zoning ordinance. This case requires that parties seeking to enjoin zoning violations must allege special damage peculiar to themselves, different in kind from that suffered by the community as a whole in order to state a cause of action. Petitioners contend that the requirements of the Boucher case were wrongly applied by the trial court in dismissing their complaint against the rezoning of the property and they also state that their amended complaint meets the requirements of the Boucher case in any event.
Respondents concede that the Rockmatt case, supra, correctly holds res adjudicata applicable in zoning matters, but contend that there is no conflict since the only question decided below was petitioners' lack of standing to raise the question of res adjudicata. Respondents Revels contend that because the family residences of the three petitioners are across the street from the Revels' property, petitioners have no standing to contest the rezoning which allows a commercial use. Respondents Revels also assert that since there are three petitioners, no one of them can claim unique and special damages sufficient to give standing. This argument is obviously without merit.
We agree with petitioners that the prior litigation is res adjudicata on the question of their standing to sue and, in any event, that their amended complaint sets out sufficiently their standing to sue. Petitioners are also correct in their assertion that the Boucher requirements are not applicable to suits, such as in the instant case, testing the validity of zoning ordinances.[5]
Petitioners were allowed to intervene and were parties defendant in the original suit between Revels and the City of Green Cove Springs. Any question of their interest in the cause was thereby decided. But even without the aid of the principle of res adjudicata, we have no difficulty in finding that petitioners' amended complaint sufficiently establishes their standing in this matter.[6]
Accordingly, certiorari is granted, the decision of the District Court of Appeal is quashed and the cause remanded with directions to remand to the trial court for reinstatement of the amended complaint and further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Wager et al. v. City of Green Cove Springs et al., 245 So.2d 921 (Fla.App.1st 1971).
[2] "* * * The said commercial use will be carried on directly across the street from each of the plaintiffs' properties and will result in a serious depreciation in the value of plaintiffs' properties, each of which is used by plaintiffs for residential purposes. The said damage in value to plaintiff's properties is peculiar to them as theirs are the only residential properties in the immediate vicinity of the said property of the defendants Revels and the properties of no other persons in the vicinity will be adversely affected by the said use of the property of the said Revels."
[3] 231 So.2d 41 (Fla.App.3rd 1970).
[4] 102 So.2d 132 (Fla. 1958).
[5] Renard v. Dade County, Fla., 261 So.2d 832, filed April 19, 1972.
[6] See Complaint, supra, note 2.