Anthony F. Piecuch & a.

v.

City of Manchester & a.

January 31, 1974

*Alexander J. Kalinski* and *Joseph F. McDowell III (Mr. McDowell* orally) for the plaintiffs.

*J. Francis Roche,* city solicitor for the city of Manchester, filed no brief.

*Eaton, Eaton, Ross, Moody & Solms* and *James E. Carroll (Mr. Carroll* orally) for defendant Imperial Car Wash, Inc.

Griffith, J.   Plaintiffs brought this bill in equity against the city of Manchester and the Imperial Car Wash, Inc. They alleged that under the Manchester zoning ordinance, adopted

January 5, 1965, the Manchester building superintendent improperly granted a permit to Imperial Car Wash, Inc. to erect and operate a car wash and that the zoning board of adjustment improperly refused to reverse his decision. Plaintiffs further alleged that the operation of a car wash by Imperial Car Wash, Inc. constitutes a nuisance and that its operation should be enjoined. Trial by the Court (*Johnson, J.*) resulted in a verdict for the defendants. The plaintiffs' exceptions were reserved and transferred by the trial court.

Plaintiffs Mr. and Mrs. Piecuch were residents and owners of multi-family residential units within the I-3 (Industrial) zone in which defendant Imperial Car Wash, Inc. operates. The other plaintiffs live in close proximity to the Imperial Car Wash, Inc., but in an R-3 (Residential) zone adjoining the I-3 (Industrial) zone.

Plaintiffs argue that the evidence required the trial court to find the car wash operation a nuisance. The court noted that the case involved the problems encountered when a residential zone abuts an industrial zone but found that the activities of the defendent Imperial Car Wash, Inc. did not constitute a nuisance. The determination of a nuisance involves "[t]he proper consideration of all relevant circumstances . . . [,] a balancing of the gravity of the harm to the plaintiff against the utility of the defendant's conduct, both to himself and to the community." *Robie v. Lillis,* 112 N.H. 492, 496, 299 A.2d 155, 159 (1972). The evidence in the case judged by this standard did not mandate a finding by the trial court that the harm complained of was substantial or unreasonable under all the circumstances.

The plaintiffs questioned the sufficiency of the defendant Imperial's lot size to satisfy the ordinance both before the zoning board of adjustment and at the trial before the court. They excepted to the admission of certain evidence of the square footage offered by a surveyor from notes of another surveyor in his office who made the actual survey. Evidence that the lot size was adequate had already been introduced without objection through Mr. Tardiff, the building superintendent, and the finding by the board of adjustment that the lot size was sufficient was prima facie lawful and reasonable. The burden of proof was on the plaintiffs to prove

the contrary and they failed to introduce such evidence. It follows that it is unnecessary to consider the admissibility of the questioned evidence since on the record with this evidence excluded the trial court would be required to find for the defendants on this issue. RSA 31:78; *Carter v. Nashua,* 113 N.H. 407, 308 A.2d 847 (1973); *Bois v. Manchester,* 113 N.H. 339, 306 A.2d 778 (1973).

Plaintiffs question the interpretation of the Manchester zoning ordinance by the building superintendent and the zoning board of adjustment. The car wash is located in an industrial zone designated in the ordinance as I-3. Among the permitted uses in this zone are "Automotive Service Uses" listed as numbers 40, 41, 42, 43 and 44 of section 4.03. There is a wide variety of uses thus listed, including a gasoline service station and automobile and truck repair garage. Repair of heavy motorized equipment is excluded from permitted uses in zone I-3 under § 4.03-40 but permitted by § 4.03-39. The building superintendent, the zoning board of adjustment and the trial court interpreted the ordinance to include a car wash as permitted use in zone I-3.

The plaintiffs argue that a car wash is not a permitted use listed anywhere in the ordinance and could only be permitted by a variance which the Imperial Car Wash, Inc. has not obtained. They point out that the Manchester zoning ordinance is not an ordinance where all uses not prohibited are permitted in a zone but rather a zoning for use ordinance in which if a use is not a "purpose permitted in the district" by the terms of the ordinance it is excluded. Manchester Zoning Ordinance art. IV, § 4.

The building superintendent acting in a quasi-judicial capacity interpreted the ordinance as permitting this use (*Carrick v. Langtry,* 99 N.H. 251, 253, 108 A.2d 546, 547-48 (1954); *Bois v. Manchester,* 104 N.H. 5, 9, 177 A.2d 612, 614-15 (1962)) and his construction of the ordinance was upheld by the zoning board of adjustment. "While the administrative construction of the ordinance by the zoning authorities is neither conclusive nor binding on this court in its construction of the ordinance, it is entitled to consideration." *Spicer v. Claremont,* 104 N.H. 461, 464, 189 A.2d 496, 498 (1963); *Manchester v. Webster,* 100 N.H. 409, 128 A.2d 924 (1957).

The intent of an ordinance or statute is determined from its construction as a whole and not by separately construing isolated words or phrases. *Arsenault v. Keene,* 104 N.H. 356, 358, 187 A.2d 60, 62 (1962); *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 77, 289 A.2d 73, 75 (1972). The Manchester ordinance by its terms evidences an intent to include in its terms all potential uses of land in the city. For example automobile junk yards are permitted under certain conditions in zone I-3 under § 4.03-38. High hazard uses are excluded except as exceptions under certain conditions in three of the four industrial zones. These provisions specifically providing for the establishment of the most hazardous and onerous uses in zone I-3 make it improbable that the ordinance intended to exclude by omission the common automotive service of washing cars. We are of the opinion that it is impliedly a permitted use in zone I-3 as an automotive service use. *Rando v. Bedford,* 348 Mass. 296, 203 N.E.2d 375 (1965); *Janigian v. Dearborn,* 336 Mich. 261, 57 N.W.2d 876 (1953).

*Exceptions overruled; judgment for defendants.*

All concurred.