Merrimack
No. 6705

G. Stuart Hancock

v.

City of Concord

Noel L. Grossman

v.

City of Concord

June 28, 1974

*Upton, Sanders & Upton* and *J. Gilbert Upton (Mr. John F. Teague* orally) for the New Hampshire Civil Liberties Union, G. Stuart Hancock, and Noel L. Grossman.

*Paul F. Cavanaugh,* city solicitor, by brief and orally, for the city of Concord.

GRIFFITH, J.   The sole issue to be decided is whether non-abutters have a right to be heard at a hearing before the Concord Planning Board concerning an application for subdivision under RSA 36:23. On May 1, 1972, the planning board approved subdivision of a 2.7-acre tract owned by Edward J. Sylvia, Jr. Plaintiffs sought and were granted certiorari by the superior court pursuant to RSA 36:34. Upon submission of the case on an agreed statement of facts, the trial court set aside the decision of the planning board and remanded the matter to the board for a full and complete hearing, ordering that plaintiffs as well as other persons affected by the subdivision be given an opportunity to be heard. Defendants excepted to the court's decree and all questions of law raised in the pleadings were reserved and transferred by the Trial Court, *Johnson,* J.

The agreed statement of facts indicates that prior to May 1, 1972, Edward J. Sylvia, Jr., became owner of 2.7 acres of land situated on the east side of Columbus Avenue in the R-3 zoning district of Concord, New Hampshire. Mr. Sylvia sought to subdivide his land into separate parcels for the purpose of erecting garden apartments, a permitted use in the R-3 district. Notice of a May 1, 1972 hearing before the planning board was sent to abutters of the Sylvia property as required by RSA 36:23. The *Concord Monitor* newspaper also printed notice of the meeting. While the notice given inaccurately described the location of the property in question

as being west rather than east of Columbus Avenue, all abutters were notified of the hearing.

Plaintiffs as nonabutters were not entitled to notice under RSA 36:23 and were not notified of the hearing by the planning board, but learned of the hearing and were in attendance. They live and own property in close proximity to the Sylvia property, 1200 and 400 feet away respectively. They alleged before the superior court that their properties would be affected by a subdivision of the property in question and that they intended to speak at the hearing, but were not given that opportunity. Plaintiffs argue that the decision of the board without giving them an opportunity to speak at the hearing amounted to a deprivation of their property rights without due process of law.

Defendant planning board contends that the trial court erred in setting aside its decision and remanding the matter for a hearing at which plaintiffs are to be afforded an opportunity to speak. They argue that RSA 36:23 makes no provision for a public hearing and only requires notice to applicants and abutters. Defendants urge that the reference to "aggrieved persons" in RSA 36:34, the appeal section, only extends to applicants and abutters and does not include nonabutters, and that neither RSA ch. 36 nor the due process clause of the constitution requires that plaintiffs be permitted to speak at a subdivision hearing.

RSA 36:23 reads in pertinent part as follows: "No plat shall be approved or disapproved by the planning board without affording a hearing thereon. All abutters shall be notified of said hearing by certified or registered mail. The applicant shall be notified of said hearing by certified or registered mail . . . ." While it is true that RSA 36:34 permits petition for certiorari to the superior court by "[a]ny persons aggrieved by any decision of the planning board", the phrase "persons aggrieved" cannot be interpreted without reference to the specific section of RSA ch. 36 from which the petition arises. It is well established in this State that the "intent of an ordinance or statute is determined from its construction as a whole and not by construing separately isolated words or phrases." *Piecuch v. Manchester,* 114 N.H. 8, 11, 314 A.2d 642, 643-44 (1974); *Plymouth School Dist. v. State Bd. of Educ.,*

112 N.H. 74, 77, 289 A.2d 73, 75 (1972); *Arsenault v. Keene,* 104 N.H. 356, 358, 187 A.2d 60, 62 (1962). Thus, in order to determine who is entitled to appeal under RSA 36:34 from a planning board decision under RSA 36:23, reference must be made to RSA 36:23. Since there is no provision for a public hearing under that section and only abutters and applicants need be notified of a hearing, it is clear that it was the intent of the legislature not to include nonabutters as "aggrieved persons" under RSA 36:34 in this instance. *Circle Lounge & Grille v. Board of App.,* 324 Mass. 427, 86 N.E.2d 920 (1949).

In *Blevens v. Manchester,* 103 N.H. 284, 170 A.2d 121 (1961), we upheld the constitutionality of the subdivision controls enabling legislation (RSA 36:19-29) as a valid exercise of a State's police powers. RSA 36:21 (Supp. 1973) requires that local boards adopt subdivision regulations and RSA 36:22 requires that a public hearing be held before regulations may either be adopted or amended. Thus it is clear that the public as a whole has an opportunity to participate in the formulation of local subdivision regulations, but not in actions by the planning board under the adopted regulations. "Where the applicable enabling act imposes no hearing requirements, none will be inferred by the courts." 3 R. Anderson, American Law of Zoning § 19.12, at 410 (1968).

We do not agree that failure to allow plaintiffs an opportunity to speak at a hearing pursuant to RSA 36:23 amounts to an unconstitutional deprivation of their property rights under the due process clause. While the legislature could have provided for a public hearing under RSA 36:23, as it has in several other sections of RSA ch. 36 (RSA 36:22, 26, 33), failure to so provide is in no way violative of the due process clause nor inconsistent with the basic principles of representative government. *Forest Construction Co. v. Planning & Zoning Comm'n,* 155 Conn. 669, 674-76, 236 A.2d 917, 921-22 (1967); *Feldman v. Star Homes Inc.,* 199 Md. 1, 84 A.2d 903 (1951); *see Hampton v. Marvin,* 105 N.H. 34, 37, 193 A.2d 441, 444 (1963); *State v. 4.7 Acres of Land,* 95 N.H. 291, 62 A.2d 732 (1949).

*Defendant's exception sustained; remanded.*

DUNCAN, J., dissented; the others concurred.

DUNCAN, J., dissenting: RSA 36:34 provides that "[a]ny persons aggrieved by any decision of the planning board" concerning a subdivision may have the decision reviewed by the court on certiorari. The proximity of the plaintiffs' properties to the applicant's land makes it evident that the board's decision might affect the value or use of the plaintiffs' properties. *See Bryniarski v. Montgomery County Bd. of App.*, 247 Md. 137, 230 A.2d 289 (1967); 3 R. Anderson, American Law of Zoning §§ 21.05, 21.06, 21.10 (1968). Hence they were qualified to obtain review as "aggrieved" persons. *See Towle v. Nashua,* 106 N.H. 394, 212 A.2d 204 (1965); *Bryant v. Allen,* 6 N.H. 116 (1833). The right to review must carry with it by implication a right to be heard before the board upon the original application.

This is not a case where the enabling act "imposes no hearing requirement." 3 R. Anderson, American Law of Zoning § 19.12, at 410 (1968). RSA 36:23 forbids approval of a plot "without affording a hearing thereon." In my judgment when the legislature amended section 23 to require notice to abutters as well as to the applicant, it did so because abutters were considered to be necessary parties. Laws 1969, 155:1. I find no implication that other affected parties were to be deprived of a hearing before the board although entitled to a hearing before the court under RSA 36:34. Accordingly I would sustain the order of the trial court.