Sullivan
No. 6994

TOWN OF PLAINFIELD

v.

SOL BRANDSTATTER & *a.*

July 31, 1975

*Leahy & Denault* and *Peter H. Burling* (*Mr. Albert D. Leahy, Jr.* orally) for the plaintiff.

*Hall, Morse, Gallagher & Anderson* and *Robert E. K. Morrill* (*Mr. Morrill* orally) for the defendant.

*New Hampshire Legal Assistance* and *Richard A. Cohen* (*Mr. Cohen* orally) for the intervenors.

GRIFFITH, J. This is a bill in equity in which the plaintiff seeks to have the defendant permanently enjoined from operating his mobile home park in Plainfield. Intervenors are some of the tenants of the defendant's mobile home park. The parties joined in an agreed statement of facts including fourteen questions of law which were reserved and transferred without ruling by the Trial Court (*Johnson,* J.).

The basis of the action by the town is a claimed violation of the town zoning ordinance. This ordinance was held validly enacted in *Plainfield v. Hood,* 108 N.H. 502, 240 A.2d 60 (1968). The present dispute arises out of actions of the town selectmen in interpreting and enforcing the ordinance both in relation to the defendant and his predecessor in title, Vernon Hood.

A building construction and zoning ordinance was originally adopted by the town of Plainfield in 1959. The only reference to mobile homes was a section setting out various standards for the temporary or permanent occupancy of trailers. On October 7, 1964, for a fee of ten dollars the town of Plainfield issued to Vernon Hood a permit to construct and operate a trailer park to be located on his property known as Eggleston Place consisting of approximately fifteen acres. Vernon Hood had moved eight trailers onto his land before March 8, 1966. On that date Plainfield adopted amendments to the 1959 ordinance which "related solely to mobile homes and provided detailed regulations and restrictions on their being permitted in the town or maintained in the town. The amendments restricted mobile home parks to one in addition to such as were in existence on the date of the amendment; provided for license fees for such permits as the board of selectmen might issue; and, regulated construction and maintenance of mobile homes in such parks. Permission to maintain trailers or mobile homes outside of mobile parks was limited by the amendments." *Plainfield v. Hood,* 108 N.H. 502, 504-05, 240 A.2d 60, 63 (1968).

The amended ordinance provided further that a person operating a mobile home park on the date of the adoption of the ordinance would be entitled to a special permit upon payment of a fee of $25. The special permit did not entitle the holder to enlarge or substantially alter his operation without filing for a preliminary and definitive mobile home park permit in the same manner as provided for a new mobile home park.

Vernon Hood at no time applied for either a special mobile home park permit under the ordinance or a definitive mobile home park permit. Subsequent to the enactment of the amendment Hood moved an additional ten mobile homes into his park and operated with eighteen units until his death on June 29, 1971. Defendant Sol Brandstatter acquired, after the death of Hood, the eight-acre parcel which contained the trailer park and immediately sought permission from selectmen to operate the park.

At the time the amendment to the ordinance was adopted there was one other mobile home park in Plainfield. This park was owned by Vernon H. Benoit and contained three units. On June 25, 1969, Vernon Benoit was granted a preliminary permit as the first step in obtaining a final or definitive permit. While the agreed statement of facts does not state whether a definitive permit has been issued, it is agreed that the Benoit park has been enlarged under this permit. In September of 1968, the selectmen of Plainfield deter-

mined that the ten units brought onto Mr. Hood's land were in substantial compliance with the requirements of the zoning ordinance.

The defendant's application for permission to operate his mobile home park was rejected by the Plainfield board of adjustment in letters dated December 2 and 4, 1971. In substance the board ruled that they would accept an application for a permit to operate the eight units in the park when the amendment was adopted, but they had no legal authority to issue a permit for a park with more than eight units even though all other requirements of the zoning ordinance were complied with. We conclude that this ruling of the board misconstrued the intent of the ordinance and is dispositive of the case, rendering it unnecessary to consider the fourteen questions transferred.

Town of Plainfield ordinance, Section 3.1 of Article IV reads as follows:

> "The board of adjustment shall issue its permit for the use of premises within the Town of Plainfield for not more than one mobile home park, *in addition to such as exist on the date of adoption of this amendment,* as a special exception thereunder, provided that it finds that the proposed park will comply with each of the following requirements." (Emphasis added.)

The ordinance sets forth detailed area, aesthetic, sanitary and health requirements for a mobile home park and provides that not more than thirty-five mobile home locations shall be in a given mobile park. An applicant for a preliminary permit is required to apply to the board of adjustment setting forth his plans and showing compliance with the requirements of the ordinance. A fee of $100 is required to be filed with the application and if the board of adjustment finds all requirements of the ordinance have been met, after a public hearing they shall issue a preliminary permit and later a definitive or final permit. As previously noted, mobile home parks in operation when the amendment was adopted were entitled to a special permit without going through the regular application process but could not enlarge their operation without such application.

The board of adjustment ruled that the issuance of a permit to Benoit in 1969 exhausted their right to entertain applications for preliminary or definitive mobile home park permits. Apparently

they interpreted the language of the ordinance to only permit one definitive permit whether the application was by a proposed new mobile park owner or one of the two existing owners. In our opinion this is an unduly restrictive interpretation of the ordinance contrary to the intent of the ordinance as a whole. *Hancock v. Concord,* 114 N.H. 404, 322 A.2d 605 (1974); *Piecuch v. Manchester,* 114 N.H. 8, 314 A.2d 642 (1974). The result of this interpretation placed a premium on the first application for a final permit in derogation of the rights of the mobile parks in existence which the ordinance purported to protect. We find the intent of the ordinance was to permit one final permit for a new park in addition to the two then in existence and to allow the existing mobile park owners to apply for final permits if they wished to enlarge their parks. *See Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974); *General Electric Co. v. Dole Company,* 105 N.H. 477, 202 A.2d 486 (1964).

Without expressing any opinion on whether an application by the defendant for a permit should be granted, we conclude that the board of adjustment was in error when it refused as a matter of law to consider such an application and accordingly the petition is dismissed.

*Petition dismissed.*

All concurred.

ON REHEARING: After the foregoing opinion was filed, the plaintiff's motion for rehearing was granted.

*Leahy & Denault* and *Peter H. Burling (Mr. Burling* orally) for the plaintiff.

*Hall, Morse, Gallagher & Anderson* and *Robert E. K. Morrill (Mr. Morrill* orally) for the defendant.

*New Hampshire Legal Assistance* and *Richard A. Cohen (Mr. Cohen* orally) for the intervenors.

GRIFFITH, J. The opinion relied upon the agreement of the parties that at the time of the adoption of the ordinance in question there were two mobile home parks in Plainfield. One of these belonged to defendant's predecessor in title, Vernon Hood, and the other to Vernon Benoit. Based upon this agreed fact, the opinion assumed

the permit subsequently granted to Vernon Benoit was for the enlargement of an existing park rather than a new park and interpreted the ordinance to permit the granting of an enlargement of the Hood park and a new park.

It now appears that the agreed statement of facts may be in error in stating that Vernon Benoit had an existing mobile home park at the time of the adoption of the ordinance. All parties agree that the town may be relieved of its agreement to this fact and the matter left to proof. If Benoit did not have a mobile home park on the date of the adoption of the ordinance, then his permit was for the only new mobile home park permitted by the ordinance and the defendant would be entitled to have the selectmen consider only his present application for enlargement of his mobile home park. We interpreted the ordinance as permitting one new park in addition to such as then existed. If there was only one park in existence on the date the ordinance was adopted, then the ordinance restricts the total number of parks to two. In all other respects, the former opinion is reaffirmed.

*Former result affirmed.*

All concurred.

September 30, 1975