Hillsborough
No. 7400

ELIOT A. CARTER & a.

v.

CITY OF NASHUA & a.

July 30, 1976

*Hamblett, Kerrigan, LaTourette & Lopez (Mr. Joseph M. Kerrigan* orally) for Eliot A. and Edith Carter.

*H. Philip Howorth,* corporation counsel, by brief and orally for the city of Nashua and its planning board.

*Devine, Millimet, Stahl & Branch* and *John T. Broderick, Jr. (Mr. Broderick* orally) for Yankee Greyhound Racing Inc., intervenor.

LAMPRON, J.   Petition for a writ of certiorari seeking a court review of the approval, on February 21, 1974, by the Nashua Plan-

ning Board of a site plan presented by the intervenor, Yankee Greyhound Racing Inc., for a track for dog racing on premises on Daniel Webster Highway South in Nashua. As part of its answer to plaintiffs' petition, Yankee alleged that plaintiffs had no litigable interest in the plan and asked for a dismissal of the petition. Hearing before *Dunfey*, J., who found and ruled that the planning board action relative to the site plan is governed by RSA 36:23 (1970), amended by Laws 1975, 328:1, and that plaintiffs are not "persons aggrieved" within RSA 36:34 (1970), amended by Laws 1975, 405:2, for purposes of a court review by certiorari of the board's action, and granted defendants' motion to dismiss the petition. The sole issue to be decided on this appeal is whether the decision of this court in *Hancock v. Concord*, 114 N.H. 404, 322 A.2d 605 (1974), mandated the dismissal of the petition as ordered by the trial court. We hold that it does for the reasons hereinafter stated.

The *Hancock* case dealt with an application for approval by the planning board of a subdivision under RSA 36:23. *See* RSA 36:1 VIII (Supp. 1975). The plaintiffs who were nonabutters to the property in question were not notified of the hearing because the statute requires only that all abutters and the applicant are to receive notice thereof. The plaintiffs attended the hearing, however, but were not given an opportunity to be heard, although they intended to speak. They sought and were granted certiorari by the superior court under RSA 36:34 which provides such a remedy to "[a]ny persons aggrieved by any decision of the planning board . . . ."

In setting aside as erroneous this grant of certiorari, this court stated that "in order to determine who is entitled to appeal under RSA 36:34 from a planning board decision under RSA 36:23, reference must be made to RSA 36:23. Since there is no provision for a public hearing under that section and only abutters and applicants need be notified of a hearing, it is clear that it was the intent of the legislature not to include nonabutters as 'aggrieved persons' under RSA 36:34 in this instance." *Hancock v. Concord*, 114 N.H. 404, 407, 322 A.2d 605, 607 (1974).

Plaintiffs first argue that the legislature never intended to preclude nonabutters from court review under RSA 36:34. They maintain that under the *Hancock* interpretation an applicant seeking the planning board's approval of a plat or site plan could become the only person aggrieved under RSA 36:34 by arranging to

acquire all the abutting properties. If such a situation were prevalent, the legislature could provide against such an abuse. Evidently it is not, as in the legislative session following the *Hancock* decision both sections RSA 36:23 and RSA 36:34 were amended. Laws 1975, 328:1; Laws 1975, 405:2. No changes in the notice or hearing requirements were made in section 23 or as to "persons aggrieved" in section 34. This has been held to indicate an adoption by the legislature of the interpretation placed on these sections by the *Hancock* decision. *Dover Housing Board v. Colbath,* 106 N.H. 481, 483, 213 A.2d 923, 925 (1965).

RSA 36:34 covers specifically court reviews of decisions of the board pertaining to plats, subdivisions and building permits. This accounts for the use of the words *"persons aggrieved"* (emphasis added). It furnishes no basis to conclude that the plural was intended to cover all persons in the community who might have been present at the meeting, made known their views, and feel that they are hurt by the board's decision on a site plan approval pertaining to land quite remote from their own. We agree with the holding in *Hancock* "that the 'intent of an ordinance or statute is determined from its construction as a whole and not by construing separately isolated words or phrases.'". *Hancock v. Concord,* 114 N.H. 404, 406, 322 A.2d 605, 606 (1974), *quoting Piecuch v. Manchester,* 114 N.H. 8, 11, 314 A.2d 642, 643-44 (1974). We also reaffirm the holding in that case that such an interpretation does not constitute an unconstitutional deprivation of plaintiffs' property rights in violation of the due process clause. *Hancock v. Concord, supra* at 407, 322 A.2d at 607.

We cannot accept plaintiffs' next argument that because they were notified of the hearing on Yankee's site plan and were present through counsel who protested against its approval they were thus endowed with court review rights under RSA 36:34 as "persons aggrieved." These rights are fixed by the statute and the planning board is granted no authority to enlarge upon them by giving notice to persons not specified in RSA 36:23 and permitting them to appear and protest at the hearing. *See Leda Lanes Realty, Inc. v. Nashua,* 112 N.H. 244, 293 A.2d 320 (1972).

Plaintiffs' final argument is that RSA 36:19-a, pertaining to site plans, added to the chapter by amendment in 1965 (Laws 1965, 260:3), does not specifically provide that it is subject to the hearing and notice provisions of RSA 36:23 and consequently the *Hancock* decision based on these provisions does not apply to them. However, site plans are part of the subsection of RSA ch.

36 entitled "Regulations of Subdivision of Land" which governs plats, subdivisions, and issuance of building permits. We hold that the trial court properly found and ruled that site plan approvals are governed by RSA 36:23 which regulates the board's procedure on the approval of plats. *See* RSA 36:1 VIII (Supp. 1975). It follows that the *Hancock* case, which held that nonabutters, like the plaintiffs in this case, were not "persons aggrieved" under RSA 36:34 by decisions of the planning board concerning a plat plan, applies to their approval of a site plan in this case. We so hold and affirm the granting of defendants' motion to dismiss plaintiffs' petition on the ground that it is covered by the *Hancock* case.

*Plaintiffs' exception overruled.*

GRIFFITH, J., did not sit; the others concurred.