Rockingham
No. 7620

L & L PORTSMOUTH THEATRES, INC.

v.

CITY OF PORTSMOUTH & a.

April 29, 1977

*Sanders & McDermott,* of Hampton (*Mr. Edward J. McDermott* orally), for the plaintiff.

*Peter J. Loughlin,* of Portsmouth, by brief and orally, for the city of Portsmouth.

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins,* of Portsmouth (*Mr. Robbins* orally), for Rockingham House Inc.

GRIMES, J. The issues in this appeal from the discontinuance of a street by the City Council of Portsmouth are whether plaintiff has standing to appeal and, if so, whether on appeal to the superior court the matter was properly referred to the county commissioners.

Chestnut Street in Portsmouth is a narrow street in the center of the downtown area running southerly from Congress, the main street, past plaintiff's theater, across Porter Street, another narrow street, thence past the property of Rockingham House, thence across State, a main street, to Court Street where it ends. It is said that its ancient origins run back some three hundred twenty-five years. It is one way going south. Traffic on Porter Street is one way going east. On March 19, 1975, the city council voted to discontinue that part of Chestnut Street running between Porter and

State Streets. Plaintiff is not an abutter on this section of Chestnut Street.

In August 1975, plaintiff filed a petition in the Superior Court for Rockingham County which was treated as an appeal from the discontinuance under RSA 238:4. Plaintiff's motion that the matter be referred to the county commissioners under RSA 234:31 was granted over objection of defendants, whose exceptions were transferred by *Perkins, J.*

Although plaintiff's land does not abut that portion of Chestnut Street which the city voted to discontinue, it does abut the street in the adjoining block. We need not decide at this time whether plaintiff would be entitled to damages if the street were discontinued because in our opinion that issue is distinct from the question whether there should be a discontinuance. This is implicit in the language of RSA 238:4 where it is said "and if the county commissioners report for such discontinuance they shall assess the damages. . . ." *See Candia v. Chandler*, 58 N.H. 127 (1877). There is also a difference between those having an interest in the laying out of and in the discontinuance of a highway. *Petition of Concord*, 50 N.H. 530 (1871); *cf. Bennett v. Tuftonborough*, 72 N.H. 63, 54 A. 700 (1903).

■ The street in question has existed from the earliest times. Plaintiff's property abuts that street and is separated from the proposed discontinued section by only a narrow cross street. We are of the opinion that plaintiff acquired such an interest in the continuance of the street as to give it standing to contest the discontinuance, whether or not it is entitled to recover damages. *See Towle v. Nashua*, 106 N.H. 394, 212 A.2d 204 (1965).

RSA 238:4 after providing for notice of an appeal states in part that "[E]xcept as above provided, like proceedings shall be had on such petition as in the case of appeals in the laying out of class IV, V and VI highways, and if the county commissioners report for such discontinuance they shall assess the damages sustained by any person within the town in which the highway has been discontinued." RSA 234:31 relating to the layout of class IV, V and VI highways provides in part that "[I]f no sufficient objection is made all such petitions filed in the superior court shall be referred to the county commissioners. . . ." Thus both RSA 238:4 and RSA 234:31 clearly provide for referral to the county commissioners.

This reference to county commissioners was an outgrowth of the rule of court referring such petitions to a committee. *Petition of Nashua,* 12 N.H. 425 (1841); *Hopkinton v. Smith,* 15 N.H. 152 (1844). It would appear, therefore, that the commissioners act as a committee of the court and not as commissioners of the county with respect to matters referred to them under these statutes.

It matters not, then, that as defendants complain, the street does not cross town lines or that the commissioners are elected by districts or that the county has never maintained the street. The use of the words "sufficient objection" in the statute implies that there must be some reason for the objection which is sufficient to cause the court not to make the reference. No such reason has been advanced in this case. *Cf. Bickford v. Franconia,* 73 N.H. 194, 60 A. 98 (1905).

*Exceptions overruled; remanded.*

All concurred.