Strafford
No. 79-013

WEEKS RESTAURANT CORPORATION

v.

CITY OF DOVER

SAMBO'S RESTAURANTS, INC.

AND

SAMBO'S OF NEW HAMPSHIRE, INC.

July 11, 1979

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Donald R. Bryant* orally), for the plaintiff.

*Scott E. Woodman,* of Portsmouth, by brief, for the city of Dover.

*Gallagher, Callahan & Gartrell, P.A.,* of Concord (*Donald E. Gartrell* orally), for Sambo's Restaurant, Inc., and Sambo's of New Hampshire, Inc.

BROCK, J. The plaintiff, Weeks Restaurant Corporation (Weeks), excepted to a superior court decree dismissing its appeal from a decision of the City of Dover Planning Board granting site plan approval for construction of a restaurant by Sambo's Restaurants, Inc., and Sambo's of New Hampshire, Inc. (Sambo's). The trial court's dismissal was based on a finding that the plaintiff was not an abutter of the Sambo's site and was therefore not a person aggrieved who would be entitled to take an appeal. *Carter v. City of Nashua,* 116 N.H. 466, 362 A.2d 191 (1976); *Hancock v. City of Concord,* 114 N.H. 404, 322 A.2d 605 (1974). We reverse, and we overrule those two cases.

Sambo's has sought approval for its plans to build a restaurant at the eastern corner of Central Avenue and Somersworth Road in Dover, on the perimeter of the Somersworth traffic circle. Weeks owns and operates a restaurant across Somersworth Road from the site, inside the traffic circle. At the several hearings held by the Dover Planning Board at which the Sambo's site plan was considered, Weeks appeared and actively opposed the proposed restaurant. Weeks and Sambo's each presented evidence, including expert testimony concerning the traffic problems that might result if the restaurant were permitted.

On February 21, 1978, the planning board approved the Sambo's site plan, subject to detailed conditions relating to parking and traffic patterns. Weeks filed a timely appeal in Strafford County Superior Court, alleging that the planning board's action was illegal because the planning board had failed to follow the procedures set forth in the statute, and had approved a site plan that violates applicable zoning ordinances and subdivision regulations. After hearing evidence concerning the boundaries, location, and use of the two properties, the Court (*Mullavey,* J.) granted Sambo's motion to dismiss the Weeks appeal.

RSA 36:34 I (Supp. 1977) provides: "Any persons aggrieved by any decision of the planning board . . . may present to the superior court a petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality." In *Hancock v. City of Concord,* 114 N.H. 404, 407, 322 A.2d 605, 607 (1974), this court, resolving ambiguities and uncertainties inherent in RSA 36:23

and RSA 36:34, held that because "only abutters and applicants need be notified of a hearing, it is clear that it was the intent of the legislature not to include nonabutters as 'aggrieved persons' under RSA 36:34." In *Carter v. City of Nashua*, 116 N.H. 466, 362 A.2d 191 (1976), we reaffirmed our position that under RSA 36:34 nonabutters did not have standing to appeal site plan approvals, even where, as here, they participated vigorously in the planning board hearings. Weeks argues that it should be considered an "abutter," despite the public highway separating its property from the Sambo's site, and that we should overrule or modify the rule established in the two prior cases. We will address the latter question first.

The *Hancock* and *Carter* cases themselves stand in conflict with numerous decisions of this court giving broad interpretation to identical or similar language in other appeal statutes. In appeals from probate court, RSA 567-A:1 (Supp. 1977), the class of "persons aggrieved" includes "[e]very person whose rights are involved or in any way affected injuriously by the decree." *Shirley v. Healds*, 34 N.H. 407, 411 (1857). In appeals from decisions of administrative agencies, any person or entity who "has sustained the requisite 'injury in fact' " has standing to appeal. RSA 541:8; *State ex rel. Thomson v. State Bd. of Parole*, 115 N.H. 414, 419, 342 A.2d 634, 637 (1975); *see, e.g., Melton v. Personnel Comm'n*, 119 N.H. 272, 401 A.2d 1060 (1979); *New Hampshire Bankers Ass'n v. Nelson*, 113 N.H. 127, 302 A.2d 810 (1973).

The restricted class of persons heretofore permitted to appeal from planning board decisions also conflicts with the much broader class of persons who have standing to appeal from similar decisions of zoning boards of adjustment. An owner of property adjoining, across from, or in close proximity to, a proposed development is deemed to have a direct pecuniary interest in a zoning change. *Towle v. City of Nashua*, 106 N.H. 394, 396, 212 A.2d 204, 206 (1965); *accord, Wager v. City of Green Cove Springs*, 261 So. 2d 827 (Fla. 1972); *Bryniarski v. Montgomery County Bd. of Appeals*, 247 Md. 137, 230 A.2d 289 (1967); *see Hancock v. City of Concord*, 114 N.H. 404, 408, 322 A.2d 605, 607 (1974) (Duncan, J. dissenting). If the plaintiff here were seeking review of a zoning amendment or a special exception granted for the Sambo's site, it would undoubtedly have standing to appeal. *Towle v. City of Nashua supra; cf. L & L Portsmouth Theatres, Inc. v. City of Portsmouth*, 117 N.H. 347, 373 A.2d 352 (1977) (discontinued street). There is no significant distinction between "persons directly affected," RSA 31:74 (Supp. 1970), 31:79, and "persons aggrieved," RSA 31:77, 36:34 I (Supp. 1977). *Towle v. City of Nashua*, 106 N.H. at

396, 212 A.2d 206; *see* 3 A. RATHKOPF, LAW OF PLANNING AND ZONING ch. 36, § 1 (4th ed. 1979). The interests of the parties and the type of issues presented in a site plan review do not differ substantially from those present in the granting of a special exception or a variance, and no rationale appears for a different definition of persons entitled to appeal.

The restrictive standing rule announced in the *Hancock* and *Carter* cases can lead to harsh results. In the *Hancock* case itself, the plaintiffs lived and owned property "in close proximity" to the proposed subdivision. Under the defendant's interpretation, no one would have standing to challenge a planning board decision concerning a parcel, such as that owned by the plaintiff, that is bounded on all sides by public streets. That outcome would violate the constitutional mandate that even where matters have been relegated to administrative agencies, "questions of law belong to the judiciary for final determination. . . . The right to apply to the courts for relief from illegality may not be unduly abridged." *Cloutier v. State Milk Control Bd.*, 92 N.H. 199, 201–02, 28 A.2d 554, 556 (1942).

■ In short, the only substantial reason for denying standing to the plaintiff here would be strict adherence to the holding in the *Carter* case. While recognizing the value of stability in legal rules, especially those affecting property rights, we have also indicated that "[t]he doctrine of *stare decisis* is not one to be either rigidly applied or blindly followed." *Amoskeag Trust Co. v. Trustees of Dartmouth College*, 89 N.H. 471, 474, 200 A. 786, 788 (1938); *see* R. von Moschzisker, *Stare Decisis in Courts of Last Resort*, 37 HARV. L. REV. 409, 412–14 (1924). "[T]he stability of the law does not require the continuance of recognized error." *Smith v. Twin State Gas & Electric Co.*, 83 N.H. 439, 447, 144 A. 57, 61 (1928). Because we find no other compelling support for the prior rule, "justice demands and reason dictates that a change be made." *Dean v. Smith*, 106 N.H. 314, 318, 211 A.2d 410, 413 (1965). We hold that *Hancock v. City of Concord*, 114 N.H. 404, 322 A.2d 605 (1974), and *Carter v. City of Nashua*, 116 N.H. 466, 362 A.2d 191 (1976), are hereby overruled to the extent that they would prevent nonabutters from appealing from planning board decisions.

■ This broader reading of the statute will not extend standing to "all persons in the community who might . . . feel that they are hurt by the board's decision on a site plan approval pertaining to land quite remote from their own." *Carter v. City of Nashua*, 116 N.H. at 468, 362 A.2d 193. Whether a party has a sufficient interest in the outcome of a

planning board or zoning board proceeding to have standing is a factual determination in each case. The trial court may consider factors such as the proximity of the plaintiff's property to the site for which approval is sought, the type of change proposed, the immediacy of the injury claimed, and the plaintiff's participation in the administrative hearings. *Accord, Renard v. Dade County,* 261 So. 2d 832, 837 (Fla. 1972); *Allen v. Coffel,* 488 S.W.2d 671 (Mo. App. 1973).

■ The plaintiff here has a definite direct interest in the decision appealed from. Its property is separated from the Sambo's site only by a public highway. Traffic congestion and hazards created by the proposed restaurant could adversely affect Weeks' business. Weeks participated actively in the planning board hearings relating to the site plan and has demonstrated the concrete adverseness that is essential to proper judicial resolution of the issues. *See New Hampshire Bankers Ass'n v. Nelson,* 113 N.H. 127, 129, 302 A.2d 810, 812 (1973).

■ The defendants claim that this plaintiff should not be permitted to appeal because its principal motive is a desire to exclude a competing restaurant. "This court is mindful of the fact that injury resulting from competition is rarely classified as a legal harm but rather is deemed a natural risk in our free enterprise economy." *Valley Bank v. State,* 115 N.H. 151, 154, 335 A.2d 652, 653 (1975). *See also Rowe v. Town of Salem,* 119 N.H. 505, 403 A.2d 428 (1979). In this case the plaintiff has alleged adverse impact upon its business other than by increased competition, and the presence of an anticompetitive motive does not by itself deprive the plaintiff of standing. *See Gregorio v. Zoning Bd. of Appeals,* 155 Conn. 422, 232 A.2d 330 (1967); *Bryniarski v. Montgomery County Bd. of Appeals,* 247 Md. 137, 230 A.2d 289 (1967). The question whether Weeks is a proper party to appeal from the planning board's decision is, of course, separate from the merits of the appeal. *See Flast v. Cohen,* 392 U.S. 83, 99 (1968); *Bryniarski v. Montgomery County Bd. of Appeals supra.*

Because we now hold that nonabutters may appeal from planning board decisions under RSA 36:34 I (Supp. 1977) provided they have a definite direct interest in the outcome, we need not decide whether, as a technical matter, the plaintiff is an "abutter" of the Sambo's site.

*Exceptions sustained; remanded.*

LAMPRON, C.J., and BOIS, J., dissented; the others concurred.

BOIS, J., dissenting.

Planning boards are creatures of the legislature and it follows that the powers of such boards and the rights of the parties thereunder are necessarily limited by the provisions of RSA ch. 36 which authorizes planning boards. *See Levasseur v. Board of Selectmen*, 116 N.H. 340, 358 A.2d 665 (1976).

RSA 36:23 (Supp. 1977) reads in pertinent part as follows: "No plat shall be approved or disapproved by the planning board without affording a hearing thereon. The *applicant and abutters* shall be notified of said hearing ... by certified or registered mail." (Emphasis added.) "Any persons aggrieved by any decision of the planning board concerning a plat" may appeal the board's decision to the superior court. RSA 36:34 I (Supp. 1977).

It is a well established rule that the intent of a "statute is determined from its construction as a whole and not by construing separately isolated words or phrases." *Piecuch v. City of Manchester*, 114 N.H. 8, 11, 314 A.2d 642, 643–44 (1974). Applying that rule of construction, this court held in *Hancock v. City of Concord*, 114 N.H. 404, 322 A.2d 605 (1974), that there being no provision in RSA 36:23 for a public hearing, the "persons aggrieved" in RSA 36:34 were intended to be the applicant and the abutters who were required to be notified of a hearing. 114 N.H. at 407, 322 A.2d at 607.

This court also applied in *Carter v. Nashua*, 116 N.H. 466, 362 A.2d 191 (1976), another well established rule that re-enactment by the legislature of certain sections of a statute without change is deemed to be an adoption by it of their prior interpretation by this court. 116 N.H. at 468, 362 A.2d 193; *Dover Housing Board v. Colbath*, 106 N.H. 481, 483, 213 A.2d 923, 925 (1965). Although RSA 36:23 and RSA 36:34 were rephrased in certain respects by the legislature in 1975, it did not vary the meaning placed on them by this court in *Hancock v. Carter*. *See also* Laws 1979, 121:3.

The legislature in its wisdom need not, as contended by the majority opinion, define in the same manner "persons aggrieved" by a grant of a site plan by a planning board and "persons directly affected" seeking review of a grant of a variance or of a special exception by a zoning board of adjustment. In view of the history of these sections, we see no reason for this court to vary the interpretation it previously placed on these sections which was acquiesced in by the legislature.

Furthermore, the holding by the majority opinion that "aggrieved parties" should be defined "on a case to case basis" will necessarily render uncertain what the legislature has chosen to designate with certainty in the statute.

LAMPRON, C.J., concurs in the dissent.