JOHN S. RANDO *vs.* BOARD OF APPEALS OF BEDFORD.

Middlesex.  December 9, 1964. — January 4, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Zoning,* Garage, Car wash business.  *Words,* "Garage."

A building in a business zoning district in a town to be used for a car wash business would be a "garage" within provisions of the town's zoning by-law permitting in such a district "Filling station, garage, or storage of automobiles, if authorized by the Board of Appeals . . . [and] Retail Business, service or public utility," and would require a special permit from the board under G. L. c. 40A, §§ 4, 15 (2).

BILL IN EQUITY filed in the Superior Court on October 1, 1963, by way of appeal under G. L. c. 40A, § 21, from a decision of the defendant board of appeals.

Rando *v.* Board of Appeals of Bedford.

A decree sustaining the decision of the board was entered after hearing by *DeSaulnier,* J., and the plaintiff appealed.

*Bernard P. Rome* for the plaintiff.

*Francis J. Kelley,* Town Counsel, for the defendant.

WHITTEMORE, J. The plaintiff's appeal presents the issue of his right to retain a permit for the construction of a building in the business district of Bedford to be used to operate a "car wash" business, without the special authorization by the board of appeals required by the zoning by-law for a "garage." See G. L. c. 40A, § 4. The board ordered the permit revoked and the judge in the Superior Court sustained the decision.

The Bedford zoning by-law provides: *"Section IV Business District Uses* In a Business District, no building shall be erected or altered and no building or premises shall be used for any purpose injurious, noxious, or offensive to a neighborhood by reason of the emission of odor, fumes, dust, smoke, vibrations, or noise or other cause, nor for any purpose except: . . . 2. Filling station, garage, or storage of automobiles, if authorized by the Board of Appeals. . . . 9. Retail Business, service or public utility, not involving manufacture on the premises except of products, the major portion of which is to be sold on the premises to the consumer and further provided that not more than four operatives shall be employed in such manufacture." The plaintiff does not attack the by-law. See, as to the validity of the delegation of power to the board under § IV, 2, and the implied standards applicable, *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, 117–118. Compare *Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341; *Wrona* v. *Board of Appeals of Pittsfield,* 338 Mass. 87, 88–89.

The judge rightly ruled in effect that the scope of the word "garage" must be determined in context. In *Building Inspector of Falmouth* v. *Gingrass,* 338 Mass. 274, 275, the by-law permitted as an accessory use in a residence district "[g]arage space for not more than two cars." The statement in the opinion that a "garage is, primarily, at

least, a building for the storing of motor vehicles," with citation of *Riverbank Improvement Co.* v. *Bancroft,* 209 Mass. 217, 222, is to be read as referring to an accessory garage in a residence district. Section IV of the Bedford by-law is concerned, at least primarily, with a garage operated as or in connection with a business. Such a garage may be for the storage of automobiles, as the Boston Common garage, or for their service or repair, or it may combine such facilities. See American College Dictionary (1963) ("A building for sheltering, cleaning or repairing motor vehicles.") ; Webster's New World Dictionary (1964) ("A business establishment where automobiles are stored, repaired, washed, greased, etc.") ; New Century Dictionary (1952) ("A building for sheltering, cleaning or repairing motor-cars.") ; *Legum* v. *Carlin,* 168 Md. 191, 198 ; *Woods* v. *Kiersky,* 14 S. W. 2d 825, 828 (Commn. Tex. App.).

Storage aside, business garages may specialize in repairing cars (see Webster's Third New Intl. Dictionary "a repair shop for automotive vehicles") but it is common observation that some offer only, or chiefly, services. The plaintiff contends in effect that the single service of washing the car must be deemed incidental and that a building confined to that use does not have the essential aspects of a garage. We disagree.

The operation of a car wash means that automobiles will tend to congregate in one place and that equipment will there be applied to them. It is inconsequential whether, as the judge indicated, the place may be smelly, dirty, or noisy. We assume that, in a particular instance, it may have none of these characteristics except to the minor extent that they are inevitable in the gathering of automobiles in one place. In any event, the place would remain a business site for bringing together and performing a customary and frequently required service upon motor vehicles. The Bedford by-law, as we read it, subjects the conduct of a car wash business with these characteristics to the prior approval of the board.

*Decree affirmed.*