350 Mass. 176 (1966)
213 N.E.2d 861
SUPERINTENDENT AND INSPECTOR OF BUILDINGS OF CAMBRIDGE
vs.
NICHOLAS VILLARI & others.
Supreme Judicial Court of Massachusetts, Middlesex.
December 7, 1965.
February 4, 1966.
Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.
Mosier B. Goldberg, Acting City Solicitor, for the plaintiff, submitted a brief.
Robert D. O'Leary for the defendants.
SPIEGEL, J.
This bill in equity was brought by the superintendent and inspector of buildings of the city of Cambridge to restrain the defendant Villari "from making automobile repairs on the premises numbered 407 Concord Avenue, Cambridge," and to require Villari to remove certain stock and machinery from the premises. The judge *177 of the Superior Court made a "Report of Material Facts, Findings and Conclusions and Order for Decree." A final decree favorable to the defendants was entered from which decree the plaintiff appeals. The evidence is reported.
The findings and rulings of the trial judge are herewith summarized. Villari operated "a gasoline filling station and lubritorium" in a residential zone on premises owned by the defendants Forrest O. and Margaret D. Daurie. Villari sold gasoline, lubricated cars, "sold anti freeze and tires, washed cars by hand inside the building upon said premises and generally performed minor emergency repairs on motor vehicles." "[T]here has been no difference in the operation since 1920 from that for which the premises have been used to date by prior occupants." The first zoning ordinance regulating the use of the premises was established in 1924 and permitted a use in the zone "subordinate to the principal use and customarily incidental to the principal use." All of the gasoline filling stations "throughout the areas of the City of Cambridge in a variety of zones" perform minor emergency repairs. The judge ruled that the defendants "have a non-conforming use of the premises in issue for the purposes of gasoline filling station and lubritorium, the sale of tires, the washing of cars inside the building and by hand and the performance of minor `emergency' repairs," and that these uses are "subordinate to the principal use and customarily incidental to the principal use."
The plaintiff contends that the judge erred in finding that there has been no difference in the operation since 1920. He argues that the use established by the previous occupants of the premises did not include making minor repairs and refers to the testimony of one Butler, the tenant of the locus from 1935 to 1947, who stated that he operated the premises as a "volume gasoline station" and that he did not make any repairs.
The findings of the trial judge relate to the purpose "for which the premises have been used." The degree to which the "original nature and purpose of the undertaking remain *178 unchanged" determines whether there has been a change in a preexisting use. Massachusetts Broken Stone Co. v. Weston, 346 Mass. 657, 662. We note that Butler testified that in addition to the sale of gasoline and oil, he sold tires, batteries, and anti-freeze. He also did car lubrication and fixed flats. In short, he operated "a service station ... for the convenience of gasoline customers." The only paragraph in the zoning ordinance that pertains to gasoline stations or automobile service stations reads, "Automobile Service Station: Where no major repairs are made, provided that in business districts all lubrication and repairs are carried out within the building." Villari testified that every service station in the city of Cambridge "does minor repair work." There was also evidence that tenants of the premises after Butler and before Villari did minor repair work.
We are of opinion that the making of minor repairs was incidental to the operation of the service station. There was no change in its original nature and purpose. Cochran v. Roemer, 287 Mass. 500, 507. Wayland v. Lee, 325 Mass. 637, 643. Massachusetts Broken Stone Co. v. Weston, 346 Mass. 657, 662.
Decree affirmed.