Seekonk Collision Service, Inc. *v.* Board of Selectmen of Seekonk.

---

SEEKONK COLLISION SERVICE, INC. *vs.* BOARD OF
SELECTMEN OF SEEKONK & another[1]
(and a companion case[2]).

Bristol.    November 10, 1976. — December 17, 1976.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Zoning,* Automobile repair shop.    *Words,* "Automobile service station," "Automobile body shop."

A body shop wholly devoted to the repair of automobiles was not an "automobile service station" within the meaning of a town's zoning by-law. [703-704]

---

[1] The building inspector of the town of Seekonk.

[2] Building Inspector of Seekonk *vs.* Seekonk Collision Service, Inc. & others.

Two CIVIL ACTIONS commenced in the Superior Court on April 15, 1975, and April 24, 1975, respectively.

The cases were heard by *Ronan*, J.

*Max Volterra*, Town Counsel, for the Board of Selectmen of Seekonk & another.

*James J. Mullen* for Seekonk Collision Service, Inc. & others.

HALE, C.J.    The plaintiff, Seekonk Collision Service, Inc., was in the business of repairing automobiles, including the repair of automobile bodies, the latter constituting the greater part of its business. The plaintiff conducted its business in the town of Seekonk. The defendant board is charged with the enforcement of the town's zoning by-law through the defendant building inspector.

The plaintiff brought this action for declaratory judgment, seeking a determination whether a "body shop," engaged in the repair of all parts, both interior and exterior, of motor vehicles, would be a permitted use in a "highway business" zoning district under the zoning by-law of Seekonk. The building inspector in turn brought an action seeking to restrain the use of the premises which are the subject of the plaintiff's complaint. A judgment was entered in the first action declaring such use to be permitted, and another was entered dismissing the second. The selectmen and the building inspector have appealed from the judgment in the first case, and the building inspector has appealed from the judgment entered in the second. For the reasons stated herein we reverse the judgment entered in the first case and affirm the judgment in the second case with a minor modification.

The plaintiff purchased premises located at 1420 Fall River Avenue in Seekonk which are located in an area zoned for "highway business" and which had previously been operated as a "filling station." It was the plaintiff's intention to replace the structure on the newly acquired premises with a new building adapted to its business and then to move its business to the new location. The only issue presented is whether such a business is a permitted

4 Mass. App. Ct. 701                                          703

Seekonk Collision Service, Inc. v. Board of Selectmen of Seekonk.

use in a district zoned as "highway business" under the Seekonk zoning by-law, which allows only specifically enumerated uses of land or structures within particular districts.[3] That issue focuses on that part of § 7.1 of the by-law which makes "automobile service stations" a permitted use in the district concerned and on whether that term includes use as a "body shop" as contemplated by the plaintiff.[4]

The Superior Court judge, in holding that the operation of an automobile body repair shop was included within the definition of the term "automobile service station" in § 7.1, did so on the basis that that section permitted "repair" of motor vehicles and contained no language qualifying or limiting the type of repairs allowed. We disagree with that conclusion as we do not regard the language of the by-law which permits repairs as one of several

---

[3] Section 4.1 of that by-law provides: "No structure or land shall be hereafter used and no structure or part thereof shall be erected, altered, or moved unless in conformity with the regulations herein specified for the district in which it is located, except as otherwise provided."

[4] That part of § 7.1 entitled "Highway Business" provides: "Local business district uses. Retail stores and service establishments — the principal activities of which are the selling of services or merchandise at retail and the operations of which may be carried on outside a building as customarily as within. Wholesale establishments the principal activities of which are the sale of merchandise to individuals and corporations for resale to the public. Hotels, motels. Commercial recreational establishments. Establishments processing for direct consumption — the principal products from which are customarily delivered to individuals or retail outlets, as, for example bakeries, cleaning and dying [sic] plants, carpet cleaning plants, ice plants, soft drink bottling plants, printers, provided such establishments comply with industrial district construction and operation standards and limitations. *Automobile service stations* — provided that any building or facility within a service station site shall be at least 50 feet away from any residential district boundary and be at least 200 feet away from any entrance or exit to or from a school, playground, public library, church, hospital, or children's home, and provided further that any *lubricating, washing,* or *repairing* not conducted within a building shall be permitted only if a wall of solid appearance or a tight evergreen hedge not less than 6 feet high is erected and maintained between such uses and any adjoining residence district. That the minimum frontage measured at the street line shall be 150 feet and if a corner lot, it shall be 150 feet on both streets. That the minimum lot area shall be 15,000 sq. ft. or if a corner lot, 22,500 sq. ft." (emphasis added).

operations which may be carried on in an "automobile service station" as permitting an operation devoted wholly to automobile repairs. The term "automobile service station" is not defined in the by-law, but there is nothing in the by-law to indicate that it was intended to have other than its ordinary meaning. We therefore have examined the phrase to determine its meaning, as a question of law for this court, *Salah* v. *Board of Appeals of Canton,* 2 Mass. App. Ct. 488, 492 (1974), "according to the common and approved usage," *Needham* v. *Winslow Nurseries, Inc.* 330 Mass. 95, 99 (1953), and in the context in which it is employed. *Kenney* v. *Building Commr. of Melrose,* 315 Mass. 291, 295 (1943).

A service station is defined in Webster's Third New International Dictionary 2076 (1963) as a "filling station" and also as "a depot or place at which some service is offered." It is known to us as an establishment which provides such services as fuel, lubrication, incidental repairs, and auto maintenance; it does not normally encompass the type of repair characteristic of the operation of an automobile body shop such as the plaintiff wishes to maintain. The judge found that "the plaintiff's principal business is the operation of an automobile body shop. Its activities for the purpose of this dispute are best described as making and undertaking of repairs of all parts, interior and exterior, of motor vehicles with the emphasis on external repairs, the lesser portion of its business being concerned with engine repairs and tune-ups and the like." Such activities are a use substantially different from that normally associated with a service station. Such a specialized and concentrated use is not within the definition or our understanding of that term.

In entering the judgment in the second case, the judge acted in the belief that use of the property as a body shop would be permitted under § 7.1 of the zoning by-law. As we hold to the contrary, reversal of the judgment dismissing the building inspector's complaint would be appropriate. However, as it does not appear that any use has yet been made of the premises which violates the zoning by-

law and in view of the declaration of rights of the parties which will be entered in the first action, we do not regard the apprehended violation to be reasonably imminent, and we conclude that an injunction is not necessary at this time. Accordingly, we do not reverse the judgment in the second case. See *Shaw* v. *Harding,* 306 Mass. 441, 449 (1940).

The judgment in the action seeking declaratory relief (No. 1463) is reversed, and a new judgment is to be entered declaring that the use of the premises located at 1420 Fall River Avenue, Seekonk, as an automobile shop is not a permitted use under § 7.1 of the zoning by-law of the town of Seekonk. The judgment in No. 1511 is modified to provide that the dismissal is without prejudice (Mass. R.Civ.P. 41[b][3], 365 Mass. 805 [1974]). As so modified that judgment is affirmed.

*So ordered.*