MARY J. D'ORLANDO *vs.* BOARD OF APPEALS OF DANVERS. May 13, 1977. The locus lies in an Industrial II zoning district, in which "no land shall be used and no building or structure shall be erected, altered or used for any other purpose than: [1] [w]arehouses and general office buildings, [2] [l]ight manufacturing, assembling and processing materials and products of every nature, [3] [p]rivate landing areas, to be used solely for the landing and taking off and storing of privately owned airplanes and helicopters, [and] [4] [a]ccessory uses, including signs normally incidental to permitted uses" (§ IX C of the by-law, as then in effect; brackets supplied). All we know of the use the plaintiff desires to make of the locus is that she proposes to construct a single-story concrete block building for "General Automotive Repair" (contrast *Rando* v. *Board of Appeals of Bedford,* 348 Mass. 296, 297 [1965]; *Superintendent & Inspector of Bldgs. of Cambridge* v. *Villari,* 350 Mass. 176, 177 [1966]; *Salah* v. *Board of Appeals of Canton,* 2 Mass. App. Ct. 488, 489-490 [1974]; *Seekonk Collision Serv. Inc.* v. *Selectmen of Seekonk,* 4 Mass. App. Ct. 701, 702-704 [1976]), and we are confronted with the pure question of law whether the words "General Automotive Repair" are comprehended within any of [1] through [3] above. The plaintiff (understandably) does not argue that her proposed building is comprehended within (a) either of the types of buildings referred to in [1] or (b) within [3]. The words "assembling and processing *materials* and *products* of every nature" (emphasis supplied) which are found in [2] are employed in conjunction with the words "[l]ight manufacturing" and are necessarily qualified by the characterization of the entire zoning district as "Industrial" (as is also the case in an Industrial I district; § VIII); they do not in our opinion include or authorize the conduct of an activity which is described with no greater degree of particularity than what is suggested by the unadorned words "General Automotive Repair." The use the plaintiff desires is obviously the principal use of the locus, and

the possibility that [4] might be read to permit the repair of aircraft as an accessory use (as defined in § II) at a "[p]rivate landing area" ([3]) is beside the point. Equally irrelevant is the possibility that the desired use may not be permitted in any zoning district. The judgment of the Superior Court is reversed, and a new judgment is to be entered which affirms the decision of the board of appeals on the ground that "General Automotive Repair" is not permitted in an Industrial II zoning district.

*So ordered.*

*Paul L. Kenny,* Town Counsel, for the defendant.
*David A. Mills* for the plaintiff.

