BUILDING INSPECTOR OF GROTON *vs.* CHARLES E. VLAHOS & another.[1] September 15, 1980. The defendants appeal from a judgment of the Superior Court entered on a complaint brought by the plaintiff to enforce Groton's zoning by-law. See G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3. They allege that their business activities on the property do not constitute an impermissible extension of the nonconforming use in existence when the by-law was enacted in 1963, and that their use is thus protected by c. 40A, § 6, as amended through St. 1979, c. 106, and § 3 of the by-law, which allows the continuation of existing uses. Groton accepted St. 1975, c. 808, on May 1, 1978. See *Casasanta* v. *Zoning Board of Appeals of Milford,* 377 Mass. 67, 71 (1979). The judge applied the three-pronged test set out in *Bridgewater* v. *Chuckran,* 351 Mass. 20, 23 (1966), and *Powers* v. *Building Inspector of Barnstable,* 363 Mass. 648, 652-653, 663 (1973), and concluded that the defendants' present use of the property is not protected by § 6 or the by-law. We affirm the judgment.

The judge found the following facts. When the by-law was enacted in 1963, the area in which the property is located was zoned for agricultural and residential purposes. A new and used car and truck dealership was situated on the property, and service and repair work was performed there on vehicles purchased at the dealership as well as elsewhere. The service and repair work was incidental to the primary use of the property as a dealership. See *Superintendent & Inspector of Bldgs. of Cambridge* v. *Villari,* 350 Mass. 176 (1966); *Albee Indus., Inc.* v. *Inspector of Bldgs. of Waltham, ante* 858 (1980). The property was sold in 1968, and from that time until 1973, the defendant Brady sold new and used cars at the location in question. In 1974, he sold only used cars. Since the end of that year he has not sold any cars at the site. Commencing in 1975, the defendant Vlahos, whose primary occupation is that of an excavator, began using the property exclusively. He uses it as a place upon which to maintain and service his own vehicles (caterpillars, bulldozers, trucks, tractors and cars), and sometimes he services vehicles and other heavy equipment belonging to others. Unregistered vehicles, trucks and other heavy equipment are frequently left upon the premises in an unorganized and un-

---

[1] Frank Brady.

sightly manner. These findings of fact are well supported by the record, and we will not disturb them. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). They provide a sound basis for the conclusions that the nature, purpose, quality, character and degree of the defendants' use of the property are substantially different from the prevailing use in 1963 and that the present use is different in its effect on the neighborhood. *Powers* v. *Building Inspector of Barnstable,* *supra.* Contrast *Selectmen of Blackstone* v. *Tellestone,* 4 Mass. App. Ct. 311, 314-316 (1976).

*Judgment affirmed.*

The case was submitted on briefs.
*William R. Marino* for the defendants.
*Peter D. Cole,* Town Counsel, for the plaintiff.