Connon, J.
INTRODUCTION
Plaintiffs Mary Ellen and James Tietjen (“the Tietjens”) filed this action seeking judicial review of a July 24, 2002 decision of the Chatham Zoning Board of Appeals (“ZBA”) upholding the determination of the Chief Zoning Officer that a proposed single-family dwelling on their property must comply with a maximum allowable building coverage of2,900 square feet.
STATEMENT OF AGREED FACTS
For the purposes of this action, the parties have agreed to the following facts. The Tietjens, who reside at 3 Dehart Drive in Belle Mead, New Jersey, are the owners of a parcel depicted as Lot 4 on a plan of land recorded in the Barnstable County Registry of Deeds in Plan Book 404, Page 28 (“the Locus”). The Tietjens have never owned the lot of land adjoining the Locus. Under the Chatham Zoning By-law, the Locus is located in an R-20 zone. This designation refers to a residential zone with a minimum required lot size of 20,000 square feet. The Locus contains 23,200 square feet.
When the Tietjens acquired title to the Locus on November 22, 1985, the maximum building coverage in an R-20 zone was 25%. Building coverage is defined in the Chatham Zoning By-Law as “the buildable upland portion of a lot which is covered by buildings, including porches, but excluding parking areas, pools, decks and any other permanent structures which do not have roofs.” The Locus has abuildable upland area of 16,002 square feet. In 1997, the Town of Chatham amended its zoning by-law to reduce the maximum building coverage in an R-20 zone to 15%.
Thereafter, the Tietjens proposed the construction of a single family residence on the Locus covering an area of 3,198 square feet, or 19.99% of the buildable upland. The Chief Zoning Officer determined that the Tietjens must comply with the Zoning By-Law as amended and are thus limited to a building coverage of 2,900 square feet. The Tietjens appealed this decision to the ZBA, which upheld the Chief Zoning Officer on the ground that maximum building coverage is not a dimensional requirement entitled to grandfather protection under G.L.c. 40A, §6. The Tietjens then filed this action pursuant to G.L.c. 40A, §17, contending that the ZBA committed an error of law in interpreting §6 not to include maximum building coverage.
RULINGS OF LAW
Pursuant to G.L.c. 40A, §17, in a zoning appeal to the Superior Court, the judge hears the matter de novo and determines the legal validity of the zoning board’s decision on the facts as found by him, giving no evidentiary weight to the board’s decision. Roberts v. Southwestern Bell Mobile Systems, Inc., 429 Mass. 478, 486 (1999); Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972); Guiragossian v. Board of Appeals of Watertown, 21 Mass.App.Ct. 111, 114 (1985), rev. den., 396 Mass. 1105 (1986). The Tietjens contend that the ZBA erred in determining that the maximum building coverage requirement of the current version of the Chatham By-Law applies to the Locus, arguing that the Locus is protected by General *66 Laws Chapter 40A, Section 6, which provides in relevant part:
Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording or endorsement, whichever occurs sooner!,] was not held in common ownership with any adjoining land, conformed to then existing requirements and had less than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage.
G.L.c. 40A, §6 (2000). The plaintiffs bear the burden of showing that they are entitled to the protection of this statutory provision. Hall v. Zoning Board of Appeals of Edgartown, 28 Mass.App.Ct. 249, 257 (1990).
The critical question is whether maximum building coverage is the kind of zoning requirement afforded grandfather protection by §6. This Court must interpret the statute to ascertain the intent of the Legislature as evidenced by the language used and considering the purposes and remedies intended to be advanced. See Chandler v. County Commissioners of Nantucket County, 437 Mass. 430, 435 (2000). The Tietjens first argue that §6 exempts a residential lot from all later enacted bulk requirements, citing the pronouncement of the Supreme Judicial Court that:
Purchasers of real estate are entitled to rely on the applicable zoning ordinances or by-laws in determining the uses which may be made of the parcel they are buying and of other parcels in the neighborhood. For many persons, particularly those purchasing houses, this is the largest single investment in their lives. It is important that such purchasers be able to determine with reasonable accuracy, before making that investment, just what the applicable zoning ordinances or by-laws are, and what uses they permit or prohibit.
Vazza v. Board of Appeals of Brockton, 359 Mass. 256, 262 (1971) (discussing former G.L.c. 40A, §7A concerning zoning freezes for definitive subdivision plans). Despite the breadth of this statement, the case law reveals that the purpose of §6 is narrower than urged by the Tietjens: to protect a once valid residential lot from being rendered unbuildable for residential purposes by the enactment of more stringent zoning requirements, assuming the lot meets modest minimum area and frontage requirements. Sturges v. Chilmark, 380 Mass. 246, 261 (1980); Preston v. Board of Appeals of Hull 51 Mass.App.Ct. 236, 239 (2001); Dowling v. Board of Health of Chilmark, 28 Mass.App.Ct. 547, 550 (1990).[3]
On its face, §6 enumerates those zoning requirements with respect to which a residential lot may be grandfathered. It is well established that a statutory expression of one thing is an implied exclusion of other things omitted from the statute. Hagen v. Commonwealth, 437 Mass. 374, 379 (2002). If the Legislature had intended to include building coverage in the protection afforded by §6 it could have so stated. For example, in describing the zoning requirements which may be imposed upon religious and educational uses, the Dover Amendment provides: “such land or structures may be subject to reasonable regulations . . . determining yard sizes, lot area, setbacks, open space, parking and building coverage requirements.” G.L.c. 40A, §3 (2000). Where the Legislature has employed specific language in one part of a statute, but not in another, the language should not be implied where it is not present. Hallett v. Contributory Retirement Appeal Bd., 425 Mass. 66, 69 (2000); Commonwealth v. Galvin, 388 Mass. 326, 330 (1983). Accordingly, this Court cannot read the term “building coverage” into §6. “It is the function of the court to construe a statute as written and an event or contingency for which no provision is made does not justify judicial legislation.” Hagen v. Commonwealth, 437 Mass. at 379. This Court concludes that the grandfather protection of §6 does not include requirements concerning maximum building coverage.
In the alternative, the Tietjens argue that the term “area” in §6 encompasses building coverage. They assert that a decrease in the town’s maximum building coverage requirement is the equivalent of an increased area requirement because under a 25% building coverage requirement, they could construct a 4,000 square foot house on a lot with 16,000 square feet of buildable upland, while under the 15% building coverage requirement, they would need a lot containing a greater area of buildable upland to construct the same size house. The ZBA declined to equate building coverage with either “area” or “yard” as those terms are used in G.L.c. 40A, §6.
Chapter 40A does not define the terms at issue. In the absence of an express definition, the meaning of a phrase in a zoning statute or ordinance is a question of law for the court to be determined by ordinary principles of statutory construction. See Framingham Clinic Inc. v. Zoning Board of Appeals of Framingham, 382 Mass. 283, 290 (1981); Needham Pastoral Counseling Center, Inc., v. Board of Appeals of Needham, 29 Mass.App.Ct. 31, 33, rev. den., 408 Mass. 1103 (1990). Words used in a zoning enactment should be interpreted in the context of the enactment as a whole and, to the extent consistent with common sense, should be given their ordinary meaning. See Rando v. Board of Appeals of Bedford, 348 Mass. 296, 297 (1965); Hall v. Zoning Board of Appeals of Edgartown, 28 Mass.App.Ct. at 254. In interpreting a word in a zoning enactment, the court derives its usual and accepted meaning from sources such as its use in other legal contexts and dictionary definitions. See Framingham Clinic, Inc. v. Zoning Board of Appeals of Framingham, 382 Mass. at 190; Needham Pastoral Counseling Center, Inc., v. Board of Appeals of Needham 29 Mass.App.Ct. at 33.
In the zoning context, the term “yard” has been interpreted in accordance with its usual definition, “a *67 piece of land inclosed for the use of and accommodation of the inhabitants of a house,” and equated with the concept of setback to mean a portion of land between a dwelling structure and the lot lines or street. See, e.g., Scott v. Board of Appeal of Wellesley, 356 Mass. 159, 162 (1969); Tambone v. Board of Appeal of Stoneham, 348 Mass. 359, 363-64 (1965). The term “area” has been employed to mean the total size of a lot. See, e.g., Aronson v. Sharon, 346 Mass. 598, 602-03 (1964). It is well established that both area and yard requirements are designed to assure a reasonable spacing of dwelling houses. See Sturges v. Chilmark, 380 Mass. at 261. Building or lot coverage generally refers to the percentage of the total area of a lot which may be occupied by buildings. 83 Am.Jur.2d, Zoning and Planning §186 (1992). See, e.g., Tofias v. Butler, 26 Mass.App.Ct. 89, 91 (1988) (equating “lot coverage” with the footprint of a building). Building coverage, like area and yard requirements, constitutes a limitation upon the density of land use.
Although building coverage is defined in relation to the total area of a lot, it is a distinct concept and the terms “area” and “building coverage” are not synonymous. See G.L.c. 40A, §3 (2000) (distinguishing “lot area” and “building coverage” requirements). Further, by providing that a lot entitled to grandfather protection must have “at least five thousand square feet of area,” §6 employs the term “area” narrowly to mean total lot size, without regard to coverage issues. See G.L.c. 40A, §6 (2000). Accordingly, this Court rejects the Tietjens’ argument that the term “area” in §6 should be construed to encompass a maximum building coverage requirement.
Finally, this Court notes that its interpretation accords with the general purpose of §6. See Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999) (stating that court’s task is to interpret a statute to effectuate the intent of the Legislature). As discussed supra, the purpose of §6 is to protect a once valid residential lot from being rendered unbuildable for residential purposes by the enactment of more stringent zoning requirements, assuming the lot meets modest minimum area and frontage requirements. Sturges v. Chilmark, 380 Mass. at 261; Preston v. Board of Appeals of Hull, 51 Mass.App.Ct. at 239; Dowling v. Board of Health of Chilmark, 28 Mass.App.Ct. at 550. Although a change in the maximum building coverage requirement affects the size of the dwelling which may be constructed on a particular lot, it does not affect the fundamental buildability of that lot, and by the Tietjens’ own argument, affects the total area of the Locus only in comparison to another hypothetical lot. Cf. Schofield v. Tolosko, Misc. No. 153570 (Land Ct., Mar. 27, 1992) (concluding that increase in required “buildable and continguous” area of lot was increase in lot’s “area” protected under G.L.c. 40A, §6). See also Bellows Farms, Inc. v. Building Inspector of Acton, 364 Mass. 253, 261 (1973) (noting that under former G.L.c. 40A, §7A protecting “use” of land shown on a plan, a change in zoning by-law governing off-street parking and area requirements applied to the lot at issue and did not impede its reasonable use for apartment purposes although it reduced the number of allowable apartments from 402 to 203). Accordingly, this Court concludes that the ZBA correctly determined that G.L.c. 40A, §6 does not provide grandfather protection with respect to changes in a maximum building coverage requirement.
ORDER FOR JUDGMENT
For the foregoing reasons, it is hereby ORDERED that the July 24,2002 decision of the Chatham Zoning Board of Appeals be AFFIRMED and that judgment enter for the defendants in this action.

 The Tietjens also cite to Bobrowski’s discussion of the fourth paragraph of G.L.c. 40A, §6 in the Handbook of Massachusetts Land Use and Planning Law. Read in its entirety, Bobrowski’s commentary appears to be limited to the statutorily enumerated zoning requirements: “The lot is exempt from all later-enacted bulk requirements except the 5,000 square foot and 50-foot frontage requirements imposed by statute. If width, yard, or depth requirements were in effect at the creation of the lot, the placement of structure on the lot must comply with these dimensional requirements but need not meet any increases later enacted by the local legislature.” Mark Bobrowski, Handbook of Massachusetts Land Use and Planning Law §5.03[C], at 166 (2d ed 2002).